KARABETSOS *v.* SCHOOL DISTRICT OF CITY OF
EAST DETROIT, MACOMB COUNTY

1. Schools and School Districts—Teachers—Dismissal—Notice.
   Dismissal of a second year probationary teacher was improper
   where the school district failed to give written notice at
   least 60 days before the end of the school year (CL 1948,
   § 38.83).

2. Schools and School Districts—Teachers—Dismissal—Notice.
   A 60-day notice of dismissal is required for tenure teachers as
   well as probationary teachers (CL 1948, § 38.102).

Appeal from Macomb, Alton H. Noe, J., affirming
State Tenure Commission. Submitted Division 2
April 9, 1969, at Detroit. (Docket No. 5,923.) De-
cided April 21, 1969. Leave to appeal denied June
25, 1969. See 382 Mich 766.

Appeal by School District of City of East Detroit
to circuit court from ruling by State Tenure Com-
mission that dismissal of plaintiff teacher was im-
proper. Findings of the State Tenure Commission
affirmed. Defendant appeals. Affirmed.

*Craig & Fieger,* for plaintiff.

*Hand, Kiefer, Allen & Ryan (Robert J. Mac-
Michael,* of counsel), for defendant.

References for Points in Headnotes
[1] 47 Am Jur, Schools § 131.
[2] 47 Am Jur, Schools § 140.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

PER CURIAM.  Defendant appeals from a circuit court decision affirming the findings of the State tenure commission.

Plaintiff was a second-year probationary teacher for defendant school district during the 1965–1966 school year.  The school board determined that his contract should not be renewed for the school year 1966–1967.  A letter was mailed to plaintiff at his previous year's address on April 12, 1966, informing him that his contract would not be renewed, but he never received that letter.  A second letter dated May 31, 1966, was personally handed to plaintiff; it specified the charges against him and offered a hearing before the school board.  Plaintiff requested such a hearing, at which his only contention was that the school district had failed to comply with CL 1948, § 38.83 (Stat Ann 1968 Rev § 15.1983), which requires written notice to be given at least 60 days before the end of the school year.

Plaintiff appealed to the State tenure commission, relying solely on the asserted lack of notice.  The tenure commission found as facts that there was no proof that the April 12 letter was sent, that the school officials knew that plaintiff was no longer living at the location to which the letter was addressed, and that plaintiff did not in fact receive the letter.  The tenure commission concluded that the dismissal was improper and that plaintiff was therefore a tenure teacher.  It ordered his reinstatement with back pay.

Defendant school district appealed to Macomb county circuit court, which affirmed the tenure commission's findings and order as supported by competent, material, and substantial evidence.  CLS

1961, § 24.108 (Stat Ann 1961 Rev § 3.560 [21.8]). We cannot find that this was error on the record before us.

Defendant contends that the hearing before the school board was such as is given to tenure teachers, so that it was unnecessary to comply with the 60-day notice requirement for probationary teachers. However, we agree with the tenure commission that the school board proceeded against plaintiff throughout as a probationary teacher, and that 60-day notice is required for tenure teachers as well. CL 1948, § 38.102 (Stat Ann 1968 Rev § 15.2002).

Affirmed.