LUTHER v BOARD OF EDUCATION OF THE ALPENA PUBLIC
SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS TENURE ACT—STATE
   TENURE COMMISSION—DISCHARGE OF TEACHER—DE NOVO DECI-
   SION.

   Any tenured teacher may, under the teachers tenure act, appeal
   his or her discharge from employment to the State Tenure
   Commission, which must then make a *de novo* decision on all
   questions of fact and law (MCLA 38.121, 38.139).

2. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—STATE
   TENURE COMMISSION—HEARING—EVIDENCE.

   New evidence not previously presented to a school board may be
   introduced in a proceeding before the State Tenure Commission
   when the commission reviews the school board's discharge of a
   teacher.

3. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—STATE
   TENURE COMMISSION—HEARING—BURDEN OF PROOF.

   A school district, in a *de novo* hearing before the State Tenure
   Commission, bears the burden of proving that there is just
   cause for discharge of a teacher.

4. ADMINISTRATIVE LAW—APPEAL AND ERROR—FINDINGS OF FACT—
   CONCLUSIONS OF LAW—STATUTES.

   Final decisions of administrative agencies must contain findings
   of fact and conclusions of law, and the Court of Appeals is
   required to reverse such decisions if the findings of fact and
   conclusions of law are not in the record (MCLA 24.285, 24.306).

5. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—STATE
   TENURE COMMISSION—HEARING—ORDER OF PROOF—BURDEN OF
   PROOF.

   It is preferred policy, in a hearing before the State Tenure

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 186.
   Teachers' tenure statutes, 127 ALR 1298.
[2, 3, 5] 68 Am Jur 2d, Schools § 168.
[4] 2 Am Jur 2d, Administrative Law §§ 441, 456.

Commission to review the discharge of a teacher, to require the school board to first present its evidence; the burden of proof may improperly be shifted to the teacher if the teacher is required to proceed first.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 May 7, 1975, at Lansing. (Docket No. 19857.) Decided June 10, 1975.

James Luther was discharged from his teaching position by the defendant Board of Education of the Alpena Public Schools and the discharge was upheld by the State Tenure Commission. Plaintiff appealed to the circuit court which affirmed. Plaintiff appeals. Reversed and remanded.

*Foster, Lindemer, Swift & Collins, P. C.,* (by *James A. White),* for plaintiff.

*Boyce, Yahne & Wenzel,* for defendant.

Before: DANHOF, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. On April 11, 1967 appellant James Luther, a teacher with some 22 years experience, was granted tenure by the Alpena Public School System. Some four years later the school system indicated to Luther that they were no longer satisfied with his performance. Charges were lodged against him. In essence, these charges alleged that Luther was no longer competent to teach.[1] On June 1, 1971, the school board held .a hearing on the issue of appellant's competency. Three weeks later a majority of the board voted to

---

[1] The bill of particulars given to Luther by the school board asserted that he: (a) lacked the ability, temperament and competency to control his classroom, (b) was often unprepared, (c) failed to cooperate with fellow teachers, (d) was unable to correct the above listed shortcomings.

terminate Luther's status as a tenured teacher. The majority's written opinion, in relevant part, stated* only that "there is reasonable and just cause for the discharge". Appellant Luther concedes that the board met the procedural requirements of the teacher tenure act.[2]

After receiving the board's decision, appellant took his case to the State Tenure Commission. A hearing was held on December 10, 1971, before four commission members. By a 3–2 vote the board's ruling was upheld.[3] In affirming the board's decision, the commission held that:

"The jury in the lower hearing is made up of members of a local board of education elected by the school district to carry on the most effective educational program possible in that community. In this instance, the board was charged with the responsibility of weighing carefully all evidence and then rendering a judgment as to whether Mr. Luther was able to create and control a learning environment in his classroom that would be conducive to the student performing to the level the board required to meet the minimum standards of the district. The board concluded that the appellant could not create such a learning environment, and it therefore dismissed Mr. Luther as a teacher in the Alpena Schools. *There was no evidence presented that the board was capricious or arbitrary in its decision.* To the contrary, there was evidence that the board tried to rule in the appellant's favor whenever possible. In the case of *Bruce Nieuwenhuis v Swartz Creek Board of Education,* Docket No. 70–34, the Commission ruled in the concurring majority, *'It has been the policy of this Commission not to sit in judgment of a local board's rules when these rules are not vague, indefinite, or applied in a discriminatory manner.* To hold otherwise would be to substitute this Commission's views on the

---

[2] MCLA 38.71-38.191; MSA 15.1971-15.2056.

[3] It is interesting to note that of the three members voting to affirm the school board, only one was present at the hearing. Both dissenting members attended the hearing.

wisdom of a rule for the views of a board of education which has been elected by the public.'

\* \* \*

"In this instance, the appellee Board of Education does not concur that the teaching standards of the appellant meet the minimum standards of the district. It is therefore the decision of the majority of the Commission that the position of the Board be upheld and the discharge of the appellant be sustained." (Emphasis supplied.)

It is appellant's contention that the commission's opinion indicates that the commission misunderstood its reviewing function and that its decision cannot stand. We agree.

Under the Michigan teacher tenure act, any tenured teacher may appeal his or her dismissal to the tenure commission. MCLA 38.121; MSA 15.2021,[4] MCLA 38.139; MSA 15.2039.[5] The commission must then make a *de novo* decision on all questions of fact and law. *Long v Board of Education,* 350 Mich 324; 86 NW2d 275 (1957). New evidence, not presented to the school board, may be introduced during the commission's proceedings. *Rehberg v Board of Education,* 330 Mich 541; 48 NW2d 142 (1951).

An examination of the commission's opinion in the instant case clearly reveals that appellant Luther was not afforded a *de novo* hearing. The commission indicated that they gave great defer-

[4] MCLA 38.121; MSA 15.2021 states that: "A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission. The state tenure commission shall provide for a hearing to be held within 60 days from the date of appeal. Notice and conduct of such hearing shall be the same as provided in article 4, section 4 of this act, and in such other rules and regulations as the tenure commission may adopt."

[5] MCLA 38.139; MSA 15.2039 states that: "The tenure commission shall act as a board of review for all cases appealed from the decision of a controlling board. All records shall be kept in the office of the superintendent of public instruction."

ence to the board's decision, and that appellant was required to show that the board's decision was arbitrary or capricious. In a *de novo* hearing, the tenured teacher bears no such burden. The school district must prove to the commission, just as they must prove to the board, that there is just cause for firing the teacher. Of course, the commission may look to evidence presented to the school board for guidance in their decision.

We also think that the commission's opinion is deficient because it fails to make any evidentiary findings. Under the Administrative Procedures Act, final decisions of agencies must contain findings of fact and conclusions of law. MCLA 24.285; MSA 3.560(185).[6] If such findings are not in the record, this Court is required to reverse. MCLA 24.306; MSA 3.560(206).[7]

---

[6] In pertinent part, MCLA 24.285; MSA 3.560(185) requires that: "A final decision or order of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. *Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them.*" (Emphasis supplied.)

It is clear that the Administrative Procedure Act applies to tenure proceedings. *See, generally, Henderson v Memphis Community School District,* 57 Mich App 770; 226 NW2d 725, *lv den,* 394 Mich 763 (1975).

[7] "Except when a statute or the constitution provides for a different scope of review, *the court shall hold unlawful and set aside a decision* or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) *Not supported by competent, material and substantial evidence on the whole record.*

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law." (Emphasis supplied.)

Policy also dictates that findings of fact and law be included in the record. When a court reviews the decision of an agency "Our only function in a case like this is to determine from the record whether proof received by the board, or the commission, or both, supports findings on which (the commission) has decided".[8] We cannot fulfill our reviewing function when we have an inadequate record. As our Supreme Court stated in *Viculin v Department of Civil Service:*[9]

" 'Two strands of doctrine apply to the judicial review of administrative determinations. First is the principle that an agency or commission must articulate with clarity and precision its findings and the reasons for its decisions. The importance of this requirement is inherent in the doctrine of judicial review which places only limited discretion in the reviewing court.' *WAIT Radio v Federal Communications Commission,* 135 App DC 317, 320; 418 F2d 1153 (1969), citing *Permian Basin Area Rate Cases,* 390 US 747, 792; 88 S Ct 1344, 1373; 20 L Ed 2d 312, 350 (1968)."

Finally, in this case, appellant contends that the commission erred in requiring him to proceed first in his hearing before them. We feel the better policy is to require the school board to first present its evidence. To do otherwise may shift the burden to the teacher to show error in the board's findings. As stated before, the teacher bears no burden in a *de novo* hearing. We find the language of *Rumph v Wayne Community School District*[10] applicable.

"Such a procedural approach places the burden upon

---

[8] *Long v Board of Education,* 350 Mich 324, 326; 86 NW2d 275, 276 (1957).

[9] 386 Mich 375, 405; 192 NW2d 449, 465 (1971).

[10] 31 Mich App 555, 562; 188 NW2d 71, 75 (1971).

the tenure teacher to persuade the commission that he should not have been dismissed, rather than the present statutory approach which places the burden upon those making charges against the tenure teacher."

In summation, we reverse and remand to the Tenure Commission on two grounds: first, the failure to give a *de novo* hearing; second, the failure to include, on the record, evidentiary support for their decision.

Reversed and remanded. Costs to appellant.