WETSMAN v FRASER PUBLIC SCHOOL DISTRICT

1. Schools and School Districts—Tenured Teachers—Discharge—
   Charges—Notice—Statutes.

   The statute regulating the discharge of tenured teachers requires
   that charges against a teacher concerning the character of
   professional services be filed with the controlling board of
   education 60 days prior to the end of the school year (MCLA
   38.102).

2. Schools and School Districts—Tenured Teachers—Discharge—
   Charges—Notice—Service.

   A tenured teacher must be served with the charges against him if
   the controlling board of education decides to proceed with the
   charges and such service must be made within a reasonable
   time after the charges are filed with the board and prior to a
   hearing on the charges which must be not less than 30 days
   nor more than 45 days after the charges are filed; service of
   charges on a tenured teacher 10 days after the charges were
   filed and 31 days prior to a hearing on the charges was
   reasonable service.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted Division 2 April 8, 1975, at Detroit. (Docket
No. 20371.) Decided June 11, 1975. Leave to appeal
denied, 395 Mich 755.

Appeal in circuit court by plaintiff Marjorie
Wetsman from a decision of the Teacher Tenure
Commission upholding termination of her employ-
ment as a school teacher by the Fraser Public
School District. Judgment for school district. Plain-
tiff appeals by leave granted. Affirmed.

*Craig & Farber,* for plaintiff.

Reference for Points in Headnotes
[1, 2] 68 Am Jur 2d, Schools §§ 208–214.

*Mather, Glime & Daoust* (by *Denis R. LeDuc),* for defendant.

Before: R. B. Burns, P. J., and M. J. Kelly and O'Hara,* JJ.

R. B. Burns, P. J. Plaintiff was a tenured teacher employed by the defendant until it terminated her employment on November 8, 1971. The Teacher Tenure Commission (hereinafter referred to as the Commission) upheld defendant's decision to terminate plaintiff's employment and plaintiff appealed to Macomb County Circuit Court; the decision was upheld. On appeal to this Court, plaintiff claims that defendant erroneously failed to comply with the filing requirements of MCLA 38.102; MSA 15.2002, and that defendant failed to provide her with. a bill of particulars in violation of her right to due process of law, Const 1963, art 1, § 17.

Plaintiff originally began employment with defendant in 1967. She became tenured in 1969. She sought and received a leave of absence for the 1969-1970 school year during which she gave birth to an illegitimate child. Defendant rehired her for the 1970-1971 school year but only after she had initiated the first steps of grievance proceedings. The school year was fraught with conflict between plaintiff and the school administration. By April, 1971, plaintiff was allegedly tardy several times; she had been absent a total of 35-1/2 days; she had failed to have her lesson plans on her desk when absent; and the quality of her work was under continued attack from her supervising principal.

Consequently, her principal filed charges against her on April 9, 1971, with the defendant school

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

board. The defendant served a copy of the charges on plaintiff 10 days later on April 19, 1971. The last day of school was June 11, less than 60 days after plaintiff was served. Plaintiff wrote a letter to defendant requesting the charges against her be made more specific. The request was denied. Later, her counsel made a combined motion for a bill of particulars and to dismiss the charges for failure to make a timely filing. The motions were taken under advisement and denied only after the defendant had heard the entire case against the plaintiff on the merits. The defendant, the Commission, and the circuit court agreed that the evidence presented against plaintiff, during the hearing on the merits, made it conclusively evident that plaintiff was well aware of the meaning of the charges against her and that, therefore, her motion for a bill of particulars was frivolous.

This Court granted leave to appeal because of statements made in *Karabetsos v School Dist of East Detroit,* 17 Mich App 10, 12; 168 NW2d 654, 655 (1969), "that 60-day notice is required for tenure teachers as well". In *Karabetsos,* plaintiff was a probationary teacher and the case was decided under MCLA 38.83; MSA 15.1983. The statute deals with probationary teachers and the gratuitous statement was dictum.

The statute which concerns tenured teachers is MCLA 38.102; MSA 15.2002, and reads:

"All charges against a teacher shall be made in writing, signed by the person making the same, and filed with the secretary, clerk or other designated officer of the controlling board. Charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, shall furnish the teacher with a written statement of the

charges including a statement of the teacher's rights under this article, and shall, at the option of the teacher, provide for a hearing to take place not less than 30 nor more than 45 days after the filing of such charges."

The statute provides that the charges must be filed with the board at least 60 days before the end of the school year, which was done in this case, April 9, 1971. After the charges are filed with the board, it must provide for a hearing not less than 30 days nor more than 45 days after the filing of such charges. In this case the preliminary hearing was set and heard on May 20, 1971, 41 days after the charges were filed. Again, defendant complied with the statute.

Plaintiff complains that she was not served with a copy of the charges against her 60 days before the end of the school year. The statute doesn't require the defendant to serve the plaintiff 60 days prior to the end of the school year. The statute requires that charges be filed with the board 60 days prior to the end of the school year. Then, if the board decides to proceed with the charges, the teacher must be served with the charges. The statute does not set a time limitation for such service. Therefore, it must be determined to be a reasonable time after the charges are filed and prior to a hearing, which must be not less than 30 days nor more than 45 days after the charges are filed. In this case the charges were served on the plaintiff April 19th, 10 days after the charges were filed and 31 days prior to the hearing. We deem such service reasonable.

Plaintiff also claims that the board erred by refusing to grant plaintiff's request for a bill of particulars. The charges filed against the plaintiff were four: (1) excessive absences and tardiness; (2)

insubordination; (3) failure to follow directives, plan, prepare, and otherwise consider the educational welfare of her students; and (4) harboring a general hostile attitude.

We agree with the trial judge when he said,

"The charges which the Board found to have been sustained and to be sufficient for dismissal were excessive absenteeism and tardiness and failure to prepare and provide daily lesson plans. Since the other charges against Mrs. Wetsman were either not sustained or not relied upon by the Board in dismissing Mrs. Wetsman, no prejudice could have thereby accrued to Mrs. Wetsman * * * .

"No charges could be clearer than excessive absenteeism and tardiness.

\* \* \*

"As to failure to prepare and provide daily lesson plans, this is contained in the charges of 'insubordination, failure to follow directives, plan, prepare, * * * ' * * * .

"The record shows that Mrs. Wetsman was well aware of the explicit nature of the charges against her."

The findings of the Commission and the trial court are supported by competent, material and substantial evidence.

We agree with the trial court that testimony concerning plaintiff's competency in carrying out her duties in prior years was not relevant to the charges brought against her in this case.

There is not doubt, after reviewing the record, that the defendant did not want to employ the plaintiff, but the proofs do not substantiate the claim of the plaintiff that there was a conspiracy against Mrs. Wetsman.

Affirmed. Costs to defendant.