## SUTHERBY v GOBLES BOARD OF EDUCATION

1. APPEAL AND ERROR—SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE COMMISSION—FUNCTION OF COURT.

   The function of the Court of Appeals on an appeal from the circuit court of a Teacher Tenure Commission case is to review the record made before the commission and before the school board to determine whether there is evidence to support the findings and whether the decision was made according to law.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE COMMISSION— DISCHARGE OF TEACHERS—REASONABLE AND JUST CAUSE—BUR-DEN OF PROOF.

   The burden of proof, both in an administrative hearing before a school board and before the Teacher Tenure Commission, is on the school board to show reasonable and just cause for the discharge of a tenured teacher.

3. SCHOOLS AND SCHOOL DISTRICTS—EVIDENCE—CROSS-EXAMINATION— LIMITATION ON CROSS-EXAMINATION—HARMLESS ERROR.

   The right of cross-examination is not limitless or timeless and cross-examination must be relevant and material to the matters under consideration; therefore, any error with respect to limitations placed upon a discharged teacher's right to cross-examine his principal in a hearing before a school board was harmless where the teacher sought to explore the educational philosophy of the principal, and where that philosophy was irrelevant to a discharge based upon violations of school board rules and policies.

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE COMMISSION— DISCHARGE OF TEACHERS—REASONABLE AND JUST CAUSE—BUR-DEN OF PROOF.

   A hearing before the Teacher Tenure Commission to review the discharge of a tenured teacher is *de novo* and the burden is upon the school board to show reasonable and just cause for the discharge.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 68 Am Jur 2d, Schools §§ 204, 205.
Teachers' tenure statutes. 127 ALR 1298.

5. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—REASON-
    ABLE AND JUST CAUSE.

   A teacher's continued pattern of violation of rules and regula-
   tions, showing persistent insubordination to proper authority,
   may be presumed to have an adverse effect on the students,
   teachers and staff of a school, thus providing reasonable and
   just cause for the teacher's discharge.

Appeal from Van Buren, David Anderson, Jr., J. Submitted December 8, 1976, at Grand Rapids. (Docket No. 25397.) Decided February 2, 1977. Leave to appeal applied for.

Clare N. Sutherby was discharged from his teaching position by the Board of Education of the Gobles Public Schools. The discharge was upheld by the Teacher Tenure Commission and, upon appeal, by the circuit court. Plaintiff Sutherby sought leave to appeal, which was denied. Plaintiff sought leave to appeal in the Supreme Court and that Court ordered the Court of Appeals to consider the case as on leave granted in lieu of grant of leave to appeal by the Supreme Court, 396 Mich 824 (1976). Affirmed.

*Jerkins, Plaszczak, Silaski & Hurley,* for plaintiff.

*Philip R. Carey,* for Gobles High School.

*William M. Clement,* for the Gobles Board of Education.

Before: R. B. BURNS, P. J., and QUINN and BEASLEY, JJ.

BEASLEY, J. Plaintiff, a tenure teacher, was discharged by defendant school board after hearings. On appeal, the State Teacher Tenure Commission upheld the discharge. Plaintiff then appealed to

the circuit court which affirmed the decision of the tenure commission.

On July 29, 1975, plaintiff made a delayed application for leave to appeal to this Court. That application was denied on October 30, 1975. On further appeal, the Supreme Court, on February 19, 1976, remanded the case back to this Court for consideration as on delayed leave granted, 396 Mich 824 (1976).

Thus, on this appeal, our function is to review the record made before the tenure commission and before the school board to determine whether there is evidence to support the findings and whether the decision is according to law. MCLA 38.104, 38.121, 600.631; MSA 15.2004, 15.2021, 27A.631.

The burden of proof was on the school board both in the administrative hearing before it and in the hearing before the tenure commission, to show reasonable and just cause for discharging plaintiff. *Rumph v Wayne Community School District,* 31 Mich App 555; 188 NW2d 71 (1971), *Luther v Alpena Board of Education,* 62 Mich App 32; 233 NW2d 173 (1975).

The record indicates that on March 23, 1973, the principal of the high school in which plaintiff taught directed a letter to the secretary of defendant school board of education detailing specific charges that plaintiff's professional services were unsatisfactory and that he should be discharged. On March 26, 1973, after receipt of the principal's letter, defendant school board passed a resolution to proceed to hear the charges brought by the principal, to notify plaintiff of his statutory right to a hearing and to reach a decision on the charges.

In accordance with plaintiff's demand, hearing

on the charges was held on May 2, 1973, and May 15, 1973. On May 29, 1973, defendant school board passed a resolution terminating plaintiff's employment at the end of the school year on the ground that his professional services were unsatisfactory. Defendant school board set forth in writing eight specific reasons or findings upon which its conclusion was based.[1]

Plaintiff's appeal to the tenure commission was heard on November 26, 1973, after which the tenure commission filed its written decision on April 29, 1974, confirming plaintiff's discharge.

There is sufficient evidence in this record to support the findings of fact made by defendant school board.

Plaintiff claims that it was error to deny to his lay representatives the right to cross-examine the principal regarding his educational philosophy and

[1] The resolution provided as follows:

"1. Mr. Sutherby fails to comply with administrative regulations regarding the use of classrooms during the lunch hour in that he permits unsupervised students to use his classroom at that time.

"2. Contrary to Board policy and administrative rules, Mr. Sutherby often leaves the classroom unsupervised during the time that classes are normally scheduled.

"3. Contrary to Board policy and the Master Agreement, Mr. Sutherby often failed to turn in lesson plans as required.

"4. Contrary to an administrative directive, Mr. Sutherby permitted a student use of a storage room.

"5. Mr. Sutherby failed to follow procedure prescribed by Board policy for dismissing students from class in that students are found absent from his class without hall passes, and are found out of his classroom prior to the dismissal bell.

"6. Mr. Sutherby has on many occasions failed to schedule course-related activities for his class, and permits students to engage in non-course-related activities during classtime, such as playing cards, playing chess, or working on assignments for other classes.

"7. Mr. Sutherby is guilty of violation of professional conduct in that often he finds it necessary to use a loud, shouting voice to control his class.

"8. Contrary to Board policy and the Master Agreement, Mr. Sutherby failed to call in prior to 7:00 a.m. on a day that he was to be absent."

to refuse plaintiff the opportunity to offer evidence concerning his teaching competency.

Cross-examination is essential to test the credibility of a witness and the weight to be attached to his testimony. But in administrative hearings, as in court trial, the right of cross-examination is not limitless and not timeless. It must be relevant and material. In this case, while we are not inclined to condone the placing of stringent limitations upon a teacher's right to cross-examine his accuser, the findings that the school board made did not relate to the matters concerning which cross-examination of the principal was sought. The educational philosophy of the principal was not relevant to whether or not the teacher violated the rules and policies established by the school board. Any error with respect to limitation of the right to cross-examination was not significant to decision and was harmless.

The evidence of plaintiff's alleged competency was permitted on a separate record and review of it indicates that it was not relevant to the school board's findings. There was not any error in requiring the evidence of alleged competency to be placed upon a separate record.

Plaintiff points out that the tenure commission made the same statements in its decision as to its function as were frowned upon in *Luther v Alpena Board of Education, supra.* The fact is that the decision of the tenure commission in this case was made before this Court's decision in *Luther.* As in *Luther,* we disagree with this statement by the tenure commission of its function. The hearing before the tenure commission was *de novo* and the burden was upon the school board to show reasonable and just cause for discharge. But, applying that measure, there is sufficient evidence in this

record to support the findings made by the school board and affirmed by the tenure commission. Consequently, on this record, we do not find the tenure commission's incorrect statement of its function to be reversible error. It is assumed that subsequent to *Luther* the tenure commission will bring its procedures into conformance with the law as set down in that case.

There then remains the question of whether as a matter of law reasonable and just cause existed under the tenure statute to justify the discharge of plaintiff. The "reasonable and just cause" for discharge is statutory:

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and only after such charges, notice, hearing, and determination thereof, as are hereinafter provided." MCLA 38.101; MSA 15.2001.

In *Beebee v Haslett Public Schools,* 66 Mich App 718; 239 NW2d 724 (1976), this Court interpreted "just and reasonable cause" as used in the tenure statute to require evidence of adverse effect on the teacher's students and, secondarily, on "other teachers and school staff". *Beebee v Haslett Public Schools, supra,* p 724. We consider the phrase teacher's students to include, at least, all students in the school where the teacher is employed. With respect to other teachers and school staff, probably the effect on all those teachers and staff employed in the school district should be considered.

In this case, the evidence indicates, and the school board found, that, among other things, plaintiff had failed to comply with administrative regulations regarding the use of his classroom during the lunch hour, that contrary to board policy and administrative rule, he left his class-

room unsupervised during times that classes were normally scheduled, that contrary to board policy and the master agreement, plaintiff often failed to turn in lesson plans as required, that contrary to an administrative directive, he permitted students to use a storage room, that he failed to follow procedures prescribed by board policy for dismissing students from class and that plaintiff had, on many occasions, failed to schedule course-related activities for his classes and permitted students to engage in non-course-related activities during class time.

The evidence also showed that the questioned activities affected the other students and teachers in the school; this fact was not specifically incorporated in the findings of the school board or of the tenure commission. It may be claimed that this does not meet the standard enunciated in *Beebee, supra.*

However, reversal and remand are not necessary in this case. *Beebee, supra,* involved curriculum policy:

"The three person Tenure Commission majority, in effect, held that, where a school board disagrees with the teaching philosophy of a tenured teacher, it may dismiss that teacher even where his or her students' achievement level is equal to that of their peers. Two members disagreed with this position. We also disagree." 66 Mich App 718, 723.

In *Beebee, supra,* the questioned activity could not automatically be presumed to have a detrimental effect on the students; as a matter of fact, defendant school board there admitted that the affected students were no worse in achievement level than the rest. 66 Mich App 718, 722. Here, however, the questioned activities and the record

concern a consistent pattern of violation of rules and regulations that clearly are within the powers of the school board and the administration. MCLA 340.1 *et seq.;* MSA 15.3001 *et seq.* Such a pattern of violation, showing persistent insubordination to proper authority, can be presumed to have an adverse effect on the students, teachers and staff of a school. This record substantiates that presumption. To remand for further findings would elevate form over substance.

In *Wetsman v Fraser Public School District,* 62 Mich App 104; 233 NW2d 500 (1975), this Court held that tardiness and excessive absenteeism, coupled with evidence of failure to provide daily lesson plans, was sufficient cause for discharge of a tenure teacher.

We, therefore, hold that as a matter of law reasonable and just cause for discharge existed under the tenure statute.

Affirmed.