COMSTOCK PUBLIC SCHOOLS v WILDFONG

Docket No. 78-3472. Submitted June 13, 1979, at Grand Rapids.—
Decided September 5, 1979.

Leila Wildfong, a tenured teacher with Comstock Public Schools,
was suspended from teaching when four charges were brought
against her by the principal of the school at which she taught.
Following a hearing on those charges, the school board found
that three of the four charges had been proven and that there
was reasonable and just cause for the discharge of Wildfong.
Wildfong appealed to the State Tenure Commission. Two mem-
bers of the five-member commission signed an opinion in which,
after reviewing the evidence produced at the hearing before the
school board, it was concluded that the board had failed to
sustain its burden of proof and that there was no reasonable
and just cause for the discharge of Wildfong. Two other mem-
bers of the commission signed an opinion in which, after a
review of the evidence, it was found that there was "compelling
evidence" against Wildfong. The fifth member of the commis-
sion, while expressly declining to join in the reasoning of the
two commissioners voting for the reinstatement of Wildfong,
concurred in the result in a separate opinion. The opinion of
this member did not expressly review the evidence presented,
but rather concluded that the evidence did not support the
board's conclusion that Wildfong's classroom performance justi-
fied her dismissal. Comstock Public Schools appealed to the
Kalamazoo Circuit Court. Charles H. Mullen, J., reversed the
Tenure Commission's order of reinstatement. Wildfong appeals.
*Held:*

1. A tenured teacher is entitled to a *de novo* review by the
State Tenure Commission of an adverse decision of the control-
ling board. At that hearing, the school district bears the burden
of proof of showing reasonable and just cause for discharging
the tenured teacher.

2. Judicial review of appeals from the State Tenure Commis-
sion involves a determination by the reviewing court, based on

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 68 Am Jur 2d, Schools §§ 203-205.

a review of the record, whether the proof received by both the school board and the Tenure Commission supports the findings upon which the Tenure Commission's decision rests. The reviewing court does not, however, review and decide questions of fact decided by the Tenure Commission.

3. The evidence presented supports the conclusions and reasoning set forth in both the two-member opinions. There was substantial evidence supporting the assignment of the relative weight given to the conflicting evidence in both of the two-member opinions.

4. Failure by the fifth member of the Tenure Commission to state the basis for his conclusion that the evidence did not support the school board's conclusion that there was justification for the teacher's dismissal necessitates remand for clarification. If the basis for his conclusion was that the evidence presented, if accepted as true and given significant weight, was not sufficient to establish reasonable and just cause for dismissal, the circuit court's order should be affirmed; however, if the basis for that conclusion was that he did not believe the school board's evidence or did not give significant weight to the evidence for some reason or reasons supported in the record, the circuit court's order should be reversed.

The circuit court's judgment is set aside and the matter is remanded to the State Tenure Commission for clarification.

1. SCHOOLS AND SCHOOL DISTRICTS — TENURED TEACHERS — STATE TENURE COMMISSION — DE NOVO REVIEW — BURDEN OF PROOF.

   A tenured teacher is entitled to a *de novo* review by the State Tenure Commission of an adverse decision of the controlling board, with the burden of showing reasonable and just cause for discharging the tenured teacher remaining with the school district.

2. SCHOOLS AND SCHOOL DISTRICTS — STATE TENURE COMMISSION — APPEAL AND ERROR.

   Judicial review of appeals from the State Tenure Commission requires that the reviewing court determine from the record whether the proof received by both the school board and the Tenure Commission supports the findings upon which the Tenure Commission's decision rests; however, the reviewing court does not review and decide questions of fact decided by the Tenure Commission.

3. SCHOOLS AND SCHOOL DISTRICTS — STATE TENURE COMMISSION — APPEAL AND ERROR.

   Remand to the State Tenure Commission for supplementation

and clarification is mandated where the controlling opinion of the Commission fails to set forth the evidence or basis upon which was premised the conclusion that reinstatement of a discharged tenured teacher was required, the Court of Appeals being unable to determine upon the record before it whether the controlling opinion was supported by the proofs received.

*Adams, Burgie, Scott, Ritter & Dornbos, P.C.,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz* and *Lynwood E. Beekman),* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

D. F. WALSH, P.J. Defendant appeals the June 30, 1978, order of the Kalamazoo County Circuit Court reversing a May 14, 1976, decision of the State Tenure Commission. By a 3-2 vote, the Tenure Commission had reversed the May 23, 1974, decision of the Comstock School Board to discharge defendant, a tenured elementary school teacher. The Tenure Commission ordered that defendant be reinstated with back pay.

We find merit in only one of the several issues raised on appeal. Our discussion is limited to resolution of that issue.[1]

Defendant had more than 13 years of teaching experience when, on February 18, 1974, four charges were brought against her by the principal of Comstock North Elementary School. The school

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] We have carefully reviewed the other issues and have found them to be without merit. With particular reference to defendant's contention that she was entitled to reinstatement because of the school board's noncompliance with MCL 38.104(e); MSA 15.2004(e), we note the lack of evidence of prejudice to defendant. *Davis v River Rouge Board of Education,* 406 Mich 486; 280 NW2d 453 (1979).

board suspended defendant pending a hearing on the charges. In response to defendant's motion for more definite statement, she received a list of 14 specifications. Extensive testimony was taken by the school board in April and May, 1974. In its unanimous decision, the board found that three of the four charges had been proven and that, based thereon, there was reasonable and just cause for the discharge of defendant. Specifically, the board found that the following charges had been proven:

"CHARGE I: Has failed to competently discharge her professional duties, which failure is demonstrated by the respondent's failure or inability to have a positive effect on the emotional development of students.

"CHARGE II: Has failed to competently discharge her professional duties, which failure is demonstrated by the respondent's failure or inability to understand the capabilities of students in terms of expectations for work output.

"CHARGE III: Has failed to competently discharge her professional duties, which failure is demonstrated by the respondent's failure or inability to present lessons in such a manner that students are able to understand the primary purpose of the instruction."

The board found that the evidence did not support Charge IV:

"Has failed to competently discharge her professional duties, which failure is demonstrated by the respondent's failure or inability to establish rapport with students in an academic environment."

Defendant appealed to the State Tenure Commission. MCL 38.121; MSA 15.2021. Two members of the five-member commission signed an opinion in which the evidence produced at the school board hearing was reviewed and it was concluded

that the board had failed to sustain its burden of proof and that, based on the evidence, there was no reasonable and just cause for dismissal of defendant. These two commissioners explained why they found the evidence against defendant unpersuasive. They noted, for example, discrepancies between satisfactory written evaluations of defendant's classroom performance and the testimony offered on behalf of the charging party. Another illustration of the analysis of these commissioners is their finding of discrepancy between the board's conclusions concerning charges I and IV. They found "basic contradictions" in the board's finding that defendant had a negative effect on her students' emotional development but that she did not fail to establish rapport with her students.

Two other members of the commission, in a written opinion, also reviewed the evidence. They found "compelling evidence" against defendant. They concluded that the school board had properly given substantial weight to the adverse testimony of the school superintendent and principal and that the board had given due weight to all other testimony.

Expressly declining to join in the reasoning of the two commissioners voting for reinstatement of defendant, the remaining commissioner filed an opinion in which he concurred in their result. Without expressly reviewing any of the evidence presented to the school board, this commissioner simply stated, "I concur in the result * * * as I feel that * * * the evidence does not support the conclusion of Appellee Board of Education that Appellant's performance as a classroom teacher justifies her dismissal."

On appeal to the Tenure Commission from the adverse decision of the controlling board, a ten-

ured teacher is entitled to *de novo* review. *Luther v Board of Education of the Alpena Public Schools,* 62 Mich App 32, 35; 233 NW2d 173 (1975), *Elgammal v Macomb County Intermediate School Dist Board of Education,* 83 Mich App 444, 448; 268 NW2d 679 (1978). As "board of review", the Tenure Commission is to review and consider the record made before the controlling board but may also take additional testimony. All questions of fact decided by the controlling board, as well as questions of law, are subject to review and *de novo* determination in an appeal to the Tenure Commission. *Long v Board of Education, Dist No 1, Fractional, Royal Oak Township and City of Oak Park,* 350 Mich 324; 86 NW2d 275 (1957). The burden of proof remains with the school district; before both the board and the Tenure Commission, the school district bears the burden of showing reasonable and just cause for discharging the tenured teacher. *Luther v Alpena Board of Education, supra,* at 36-37, *Sutherby v Gobles Board of Education,* 73 Mich App 506, 508; 252 NW2d 503 (1977), *remanded* 401 Mich 833 (1977).

On appeal from decisions of the Tenure Commission, the power of reviewing courts is limited. Courts may not review and decide questions of fact decided by the commission. *Long v Board of Education, supra,* at 326, *Freiberg v Board of Education of Big Bay De Noc School Dist,* 61 Mich App 404, 416; 232 NW2d 718 (1975). The sole function of reviewing courts is to determine from the record whether the proof received by the school board or the Tenure Commission, or both, supports the findings on which the Tenure Commission decided for or against the appealing teacher. *Long v Board of Education, supra,* at 326. The precise standard is one of competent, material and substantial evi-

dence on the whole record. Const 1963, art 6, § 28; MCL 24.306(1)(d); MSA 3.560(206)(1)(d). The Supreme Court recently adopted the following interpretation of this standard of review:

"The scope of our review is that set forth in *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974):

" 'The cross-fire of debate at the Constitutional Convention imports meaning to the 'substantial evidence' standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review.' " *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979).

We have attempted to walk the tightrope described by the Supreme Court. Mindful that we may determine only if the commissioners' findings are supported by substantial evidence, we decline to substitute our judgment for theirs. We have carefully reviewed the entire record and considered the arguments of the parties, and conclude that the evidence supports "two reasonably differing views". We have found substantial evidence to

support the findings of the two commissioners who voted, after written review of the evidence, to reinstate defendant. There was substantial evidence to support their assignment of relative weight to conflicting evidence. On the other hand, we have found that the findings of the two minority commissioners are likewise supported by substantial evidence. These commissioners, too, were well within their exclusive authority in viewing the evidence as balanced against defendant.

We find that, if the evidence presented on behalf of the charging party were accepted as true and were accorded significant weight, it would have been sufficient basis for dismissal of defendant. In light of the substantial impeaching evidence, however, the two commissioners who, in a comprehensive opinion, voted for reinstatement were justified in declining to attach significant weight to this evidence.

Because the "swing vote" commissioner did not indicate the basis for his conclusion regarding the board's evidence, we must remand to the Tenure Commission for supplementation and clarification of his opinion. If his decision was that, even if accepted as true and given significant weight, the evidence against defendant was not sufficient to establish reasonable and just cause for dismissal, we would disagree and affirm the circuit court's order reversing the Tenure Commission's order of reinstatement. If, however, he did not believe the board's evidence, for some reason(s) supported in the record, or did not give significant weight to the evidence, also for supportable reasons, we would reverse the circuit court's order. This commissioner must state his reasons for choosing between the two "reasonably differing views" which are supported by the record.

The circuit court's judgment is set aside. This matter is remanded to the State Tenure Commission for handling consistent with this opinion. We retain jurisdiction.