SUTHERBY v GOBLES BOARD OF EDUCATION (AFTER
REMAND)

Docket No. 62475. Submitted April 6, 1983, at Grand Rapids.—De-
cided March 5, 1984. Leave to appeal applied for.

Appellant, Clare N. Sutherby, was discharged from his employ-
ment as a tenured teacher by the Board of Education of the
Gobles Public Schools. Following a series of appeals the Su-
preme Court, in lieu of granting leave to appeal, remanded to
the State Tenure Commission, which again upheld the dis-
charge, finding that Sutherby was dismissed for reasonable and
just cause. That decision was upheld by the Van Buren Circuit
Court, Meyer Warshawsky, J., and Sutherby appealed, making
several allegations of error. *Held:*

1. The commission was not limited to consideration of only
those incidents which occurred during the school year in which
the charges were brought against appellant. The commission
did not err in also considering incidents which occurred in
prior school years. Just and reasonable cause for dismissal may,
in some cases, best be illustrated by numerous instances of
misconduct, forming a continuous pattern. Requiring a teacher
to answer charges concerning events occurring during a previ-
ous school year is not fundamentally unfair.

2. The statute requiring charges to be brought at least 60
days before the end of the school year does not support plain-
tiff's claim regarding the consideration of incidents occurring in
a prior school year.

3. The commission is required to hold a hearing within 60
days of an appeal to it of a school board's decision governed by

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 166.
[2] 68 Am Jur 2d, Schools §§ 186, 187.
  Sufficiency of notice of intention to discharge teacher, or not to
  renew contract, under statutes requiring such notice. 92 ALR2d
  751.
[3] 68 Am Jur 2d, Schools §§ 189, 207.
[4] 68 Am Jur 2d, Schools § 183.
[5] 68 Am Jur 2d, Schools § 129.
[6] 68 Am Jur 2d, Schools § 204.

the teacher tenure act. The appropriate remedy for the commission's failure to hold a timely hearing is an order of mandamus, not reinstatement of the discharged teacher.

4. Reasonable and just cause for dismissal may be based not only on a teacher's classroom performance but also upon violations of reasonable administrative rules and regulations which may be required for the effective operation of the school or school system.

5. The commission's finding of reasonable and just cause for appellant's dismissal is supported by competent, material, and substantial evidence on the whole record.

Affirmed.

1. SCHOOLS — TEACHERS — STATE TENURE COMMISSION — DISCHARGE OF TEACHER.

The State Tenure Commission, in reviewing charges against a tenured teacher which have resulted in the teacher's discharge from employment, may properly consider not only events which occurred during the school year in which the charges were brought but may also consider incidents which occurred during previous school years; in some cases just and reasonable cause for discharge may best be illustrated by numerous instances of misconduct forming a continuing pattern.

2. SCHOOLS — TEACHERS — DISCHARGE OF TEACHER — NOTICE.

The statutory requirement that charges concerning the character of a tenured teacher's professional services shall be filed at least 60 days before the close of the school year is merely intended to provide teachers facing dismissal with some warning in advance of the coming school year (MCL 38.102; MSA 15.2002).

3. SCHOOLS — TEACHERS — DISCHARGE OF TEACHER — STATE TENURE COMMISSION.

The State Tenure Commission must provide a hearing within 60 days of the date of an appeal from a school board's decision to discharge a tenured teacher; the appropriate remedy for the commission's failure to hold a timely hearing is an order of mandamus; reinstatement of the teacher is not an appropriate remedy for such failure (MCL 38.121; MSA 15.2021).

4. SCHOOLS — TEACHERS — DISCHARGE OF TEACHER.

A tenured teacher may be discharged for reasonable and just cause only where the conduct charged bears a rational and specific relationship to an effect which is detrimental to the school and the students.

5. SCHOOLS — TEACHERS.

    A teacher's "professional competency" includes not only teaching skills but also compliance with reasonable administrative rules and regulations which may be required for the effective operation of a school or school system.

6. APPEAL — STATE TENURE COMMISSION — STANDARD OF REVIEW.

    The standard of review of a decision of the State Tenure Commission is whether the commission's findings are supported by competent, material, and substantial evidence on the whole record; such review includes consideration of both sides of the record, not just those portions which support the commission's findings, and with due deference given to the administrative expertise of the commission; further, the court may not invade the province of administrative fact-finding by displacing the commission's choice between two reasonably differing views.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for petitioner.

*Huff, Kreis, Enderle, Callander & Hudgins* (by *Philip R. Carey*), for respondent.

AFTER REMAND

Before: R. B. BURNS, P.J., and BEASLEY and T. C. MEGARGLE,* JJ.

PER CURIAM. Appellant, Clare N. Sutherby, appeals as of right from a circuit court order affirming a decision of the State Tenure Commission. The tenure commission had denied his petition for review, in which he had claimed that he had been dismissed from his tenured teaching position without just and reasonable cause.

On March 23, 1973, charges were filed against appellant seeking his dismissal from his tenured teaching position. On May 29, 1973, respondent school board sustained the charges and dismissed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appellant from his position. Sutherby appealed to the State Tenure Commission which sustained the dismissal. The commission's decision was affirmed on a petition for circuit court review. This Court denied appellant's application for delayed appeal. Upon appellant's application, the Supreme Court remanded to this Court for consideration as on delayed leave granted. 396 Mich 824 (1976). This Court affirmed the decision of the trial court. 73 Mich App 506; 252 NW2d 503 (1977). Appellant sought leave to appeal to the Supreme Court which, in lieu of granting leave, first remanded to the respondent school board, 400 Mich 843 (1977), but upon reconsideration remanded to the State Tenure Commission for proceedings in accord with the rule announced in *Luther v Alpena Bd of Ed,* 62 Mich App 32; 233 NW2d 173 (1975). See 401 Mich 833 (1977). In *Luther,* this Court had held that the State Tenure Commission must hear teachers' appeals *de novo* and make its own findings of fact and conclusions of law. This Court also held that the school board has the burden of proving just and reasonable cause for dismissal in the hearings before the commission. After the hearing on remand, the tenure commission found that appellant was dismissed for reasonable and just cause. That decision was affirmed by the circuit court and is again before this Court as an appeal as of right.

Appellant's first claim of error concerns the tenure commission's consideration of incidents which occurred during the 1971-1972 school year. Appellant claims that the commission should have limited its consideration to events which occurred during the school year in which charges were brought, 1972-1973.

Appellant claims that the use of charges based

on events which occurred during an earlier school year is fundamentally unfair and is against public policy. We agree with the Minnesota Supreme Court which termed a similar argument "unsound". *State ex rel Cochrane v Peterson,* 208 Minn 361; 294 NW 203 (1940). The Minnesota court reasoned that the patience of school administrators would be penalized by the adoption of such a principle. A similar argument was rejected by New Jersey's highest court which was asked to interpret that state's teacher tenure statute, one which is very similar to that of Michigan. *Redcay v State Bd of Ed,* 130 NJL 369; 33 A2d 120 (1943), *aff'd* 131 NJL 326; 36 A2d 428 (1944). We agree with that court that in some cases just and reasonable cause for dismissal may be best illustrated by numerous instances of misconduct. Moreover, to require that a teacher's record of misconduct be wiped clean at the end of each school year might force school administrators into hasty and imprudent personnel actions out of a reasonable fear that next year's instances of misconduct or incompetence might mistakenly be seen as isolated events rather than as part of a continuing pattern. Adoption of the doctrine urged on us by appellant would almost certainly discourage patience and forbearance by administrators in situations like the present one. We also note that adoption of such a rule would effectively insulate a teacher from dismissal or suspension for actions occurring in the last 60 days before the close of the school year, a period during which charges may not be brought. See MCL 38.102; MSA 15.2002.

Requiring teachers to answer charges concerning events which occurred during a previous school year is not fundamentally unfair. We find no instance in the present case supporting the claim

of significant loss of a teacher's ability to defend himself due to the lapse of time. While individual cases may occur in which the delay in bringing charges might render a dismissal unjust or unreasonable, fundamental fairness can be achieved without creating a general rule forbidding the consideration of charges based on events from a previous school year.

Appellant also points to the language of MCL 38.102; MSA 15.2002 in support of his claim. This section provides that "[c]harges concerning the character of professional services shall be filed at least 60 days before the close of the school year". Appellant's argument cannot be supported by the language of the statute or the intent behind it. "Character of professional services" is a broad phrase which can easily cover a teacher's performance over a number of years. We think that the Legislature merely intended to provide teachers facing dismissal with some warning in advance of the coming school year. See *Boyce v Royal Oak Bd of Ed,* 407 Mich 312, 318; 285 NW2d 196 (1979).

Appellant claims that the tenure commission erred by denying his motion for accelerated judgment. In it, he claimed that he should be reinstated because of the failure of the tenure commission to provide him with a timely hearing. MCL 38.121; MSA 15.2021 requires the tenure commission to "provide for a hearing to be held within 60 days from the date of appeal" from a school board's decision governed by the act. We first note our disagreement with the school district's claim that this provision is directory and not mandatory. The use of the word "shall", considered in the context of the act, is clearly mandatory and imperative. See *Smith v School Dist No 6, Fractional, Amber Twp,* 241 Mich 366, 368-369; 217 NW 15

(1928). Although we agree with appellant that the 60-day requirement is mandatory, we agree with the tenure commission that reinstatement of a teacher is not an appropriate remedy for the commission's violation of that requirement, because it would deny the school board its "day in court" due to a situation over which the board had no control. We approve the commission's view that mandamus is the appropriate remedy for its failure to comply with its statutory duty to hold a timely hearing. See *Sears v Dep't of Treasury,* 57 Mich App 218, 224-225; 226 NW2d 63 (1974).

Appellant next claims that a tenured teacher may not be dismissed for the violation of administrative regulations when his classroom performance has been satisfactory. His very similar claim was implicitly rejected by this Court on his earlier appeal. This Court stated that a consistent pattern of violation of rules and regulations which were clearly within the powers of the school administration showed persistent insubordination to proper authority and could be presumed to have an adverse effect on the students, teachers, and staff of a school. *Sutherby, supra,* pp 512-513. The reasonable and just cause standard of the teacher tenure act has been construed to forbid a teacher's discharge unless the conduct charged bears a rational and specific relationship to a detrimental effect on the school and the students. See *Detroit Bd of Ed v Parks,* 417 Mich 268, 281; 335 NW2d 641 (1983). In *Detroit Bd of Ed, supra,* p 282, the Supreme Court defined "improper reasons" as "reasons other than those of professional competency". The phrase "professional competency" covers more than just teaching skill. We believe that it includes compliance with reasonable administrative rules and regulations which may be required

for the effective operation of a school or school system. *Sutherby, supra,* pp 512-513.

Appellant claims that the tenure commission's finding of just and reasonable cause for dismissal is not supported by competent, material, and substantial evidence on the whole record. The standard for review of tenure commission decisions is that set forth in *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974):

"The cross-fire of debate at the Constitutional Convention imports meaning to the 'substantial evidence' standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review." See *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979).

The tenure commission held that just and reasonable cause for dismissal existed based on its finding of insubordination, which it defined as the "willful disobedience to a directive or policy by one fully understanding such directive or policy". Ad-

ditionally, the commission required that the diso-
beyed "rule or directive must be reasonable and
not arbitrarily applied".

In support of its holding, the tenure commission
made extensive findings of fact concerning the
specific charges brought against appellant. It found
that the teacher handbook containing relevant
rules and regulations was reviewed each year with
the teaching staff. The handbook informed teach-
ers of the rules of the school district concerning
the submission of lesson plans, the supervision of
students in classrooms, and the use of hall passes.
The commission also found that appellant was
advised repeatedly that his conduct was in viola-
tion of the various rules and regulations of the
school district.

The tenure commission found that three charges
were sustained concerning students in appellant's
classes who were seen playing cards or chess dur-
ing a class period. The commission noted that one
of these incidents occurred after appellant was
advised that game-playing should not be allowed
during class time. These findings were supported
by the evidence.

The tenure commission also sustained a charge
that appellant wilfully failed to follow school pol-
icy concerning procedures for dismissing students
from class, including the use of hall passes. The
tenure commission found "excessive * * * noncom-
pliance, after repeated administrative requests for
adherence to" the policy. Nine specific instances of
misconduct were charged. The commission failed
to identify which of the specific charges were
sustained. At least one of the charges (III-B) was
clearly refuted. We can only assume that the
commission found enough of the remaining eight
charges were sustained that it could fairly con-

clude that appellant had shown wilful disobedience in this area.

The tenure commission also found that appellant allowed unsupervised students to remain in his classroom during the lunch period. Again, it is not clear which of the six charges made in this area were sustained by the commission. Appellant appeared to admit that some of these allegations were true and offered no excuses for his noncompliance with the regulation. Upon our review of the record, we feel that at least some of these charges were fairly sustained.

The tenure commission also found that appellant left his classroom unsupervised on nine separate occasions. The truth of these charges was generally admitted by appellant. No persuasive excuses were offered by him. The finding that appellant had been counselled on this subject was adequately supported. We find that this charge was sustained by competent, material, and substantial evidence.

The tenure commission also found that appellant failed several times to file lesson plans with the principal's office. Appellant admitted the charge but claimed that his lesson plans were kept in his classroom at all times. We agree with the tenure commission that this explanation did not excuse his failure to comply with the regulation concerning lesson plans.

The substantial evidence standard requires a thorough review of the evidence in an administrative proceeding, not limited to those portions of the record supporting the findings of the administrative agency. *Beebee, supra,* p 231. In making this factual review, however, courts must accord due deference to administrative expertise. This Court must also be careful not to invade the

province of administrative fact-finding by displacing the agency's choice between two reasonably differing views. To grant appellant relief from the tenure commission's decision would, we believe, require that we ignore administrative expertise and displace the tenure commission's choice between two reasonably differing views.

In this case, appellant did not engage in any blatantly defiant conduct which inescapably indicated insubordination. He did, however, repeatedly fail to comply with certain administrative rules and regulations. This Court does not possess the subject-matter expertise necessary to gauge the seriousness of a teacher's noncompliance with administrative rules and regulations. This is an area in which we must defer to the tenure commission's expertise. To upset its decision would require this Court to substitute its judgment concerning the seriousness of appellant's noncompliance with administrative regulations for that of the tenure commission. We refuse to do this. We find that the tenure commission's decision is supported by competent, material, and substantial evidence on the whole record.

We reject as without merit appellant's other claims. Although "insubordination" was not specifically charged, appellant was notified of all of the factual claims made against him. He received adequate notice. The tenure commission did not rely heavily on hearsay evidence; its decision has support even if the hearsay evidence is not considered.

Affirmed.