LONG *v.* BOARD OF EDUCATION, DISTRICT NO. 1, FRACTIONAL, ROYAL OAK TOWNSHIP AND CITY OF OAK PARK.

1. Appeal and Error—State Tenure Commission—Supreme Court.
   The Supreme Court cannot, on certiorari or otherwise, review and decide questions of fact brought by appeal to and decided by the State tenure commission (CL 1948, § 38.91).

2. Same—State Tenure Commission—Supreme Court.
   The function of the Supreme Court when reviewing a determination made by the State tenure commission is to determine from the record whether proof received by the school board or the commission, or both, supports findings made by the commission (CL 1948, § 38.91).

3. Schools and School Districts—Discharge of Teacher—State Tenure Commission—Evidence.
   Finding of the State tenure commission that the discharge of plaintiff teacher by defendant board should be set aside *held*, supported by testimony taken before the commission (CL 1948, §§ 38.101, 38.121).

4. Same—Appeal to State Tenure Commission—De Novo Review.
   The State tenure commission is empowered to make an independent finding of facts, opinionate upon the same and enter an order accordingly on its *de novo review* by way of a teacher's appeal to it from determinations made by the controlling board of education (CL 1948, §§ 38.101, 38.121).

5. Costs—State Tenure Commission.
   No costs are allowed on affirmance of determination made by State tenure commission in favor of teacher against defendant board of education.

Appeal from State Tenure Commission. Submitted September 16, 1957. (Docket No. 73, Calendar No. 47,007.) Decided November 26, 1957.

References for Points in Headnotes
[3, 4] 47 Am Jur, Schools § 139.

Petition by Adelaide Long to State Tenure Commission to review finding of Board of Education, District No. 1, Fractional, Royal Oak Township and City of Oak Park, of misconduct in employment and discharge therefrom. Order restoring plaintiff to position as school principal. Defendant appeals. Affirmed.

*Francis M. Dent* (*Peter P. Cobbs,* of counsel), for plaintiff.

*Harold E. Bledsoe,* for defendant.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for State Tenure Commission responding to certiorari and asking dismissal of writ.

Adelaide Long, "a teacher on continuing tenure" (see article 3 of PA 1937 [Ex Sess], No 4, as amended by PA 1941, No 119 [CL 1948, § 38.91 (Stat Ann 1953 Rev § 15.1991)]), was discharged by the controlling board of the appellant school district following a hearing conducted by the board under article 4* of said Act No 4. She duly appealed to the State tenure commission (see articles 6 and 7† of said Act No 4). Following due and extended hearings as provided in the act, the commission reversed the board's order of discharge and ordered that said Adelaide Long "be restored to all her rights and privileges as principal of said George Washington Carver School."

On application of the board for leave to take a delayed appeal from the commission's order, we issued certiorari to the commission. In pursuance of such writ the complete record of testimony and pro-

---

* CL 1948, § 38.101 *et seq.* (Stat Ann 1953 Rev § 15.2001 *et seq.*).— REPORTER.

† CL 1948, § 38.121, § 38.131 *et seq.* (Stat Ann 1953 Rev § 15.2021, § 15.2031 *et seq.*).—REPORTER.

ceedings below has been examined for the purpose of testing the question appellant seeks to review. It is stated this way in appellant's brief:

"May the tenure commission, sitting as a board of review of a finding of a school board, there having been evidence produced before the school board to support its ruling, vary or reverse the said finding without new material evidence being presented in the hearing on review?"

BLACK, J. (*after stating the facts*). It is apparent on consideration of the record and appellant's brief that some little misapprehension of the statutory function of the commission has survived our successive decisions in the *Rehberg Cases* (*Rehberg* v. *Board of Education of Melvindale, Ecorse Township School District No. 11,* 330 Mich 541; 345 Mich 731). We cannot, on certiorari or otherwise, review and decide questions of fact brought by appeal to and decided by the commission. Our only function in a case like this is to determine from the record whether proof received by the board, or the commission, or both, supports findings on which it—the commission —has decided for or against the appealing teacher. Here an abundance of testimony, taken on appeal by and before the commission, supports its finding that Mrs. Long's principal accuser "is not worthy of belief," and that her discharge should be set aside.

We find no occasion for review of the evidence appellant discusses in its brief. It is ruled again, as in the second *Rehberg Case,* that the commission "may make an independent finding of facts, opinionate upon the same, and enter an order accordingly." (p 740 of report.) To this we will add that an appeal to the commission under said article 6 operates to subject all questions of fact decided by the controlling board, as well as requisite questions of law, to review and determination *de novo* by the commission.

··· Our stated view of the commission's administrative function stems particularly from language appearing in section 1 of said article 6, by which the commission is directed to conduct its hearing on appeal "the same as provided in article 4, section 4 of this act." Said section 1, considered with section 4 of article 4, discloses clear legislative intent that the commission—following appeal by a teacher under said article 6—be vested with duty and authority to determine, anew and as original questions, all issues of fact and law theretofore decided by the controlling board.

Affirmed. No costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.