VIERA v SAGINAW BOARD OF EDUCATION

Docket No. 78-1655. Submitted March 12, 1979, at Lansing.—Decided August 6, 1979. Leave to appeal applied for.

Robert Viera was employed as a teacher by the Saginaw Board of Education. Viera refused to comply with an agency shop clause of the collective bargaining agreement. A hearing was held pursuant to the teacher's tenure act and the board discharged Viera ruling that his failure to comply with the provision constituted just and reasonable cause for dismissal. The State Tenure Commission upheld the discharge and no further appeal was taken from that decision. Viera then brought an action in circuit court against the Saginaw Board of Education and the Saginaw Education Association alleging that the agency shop provision was invalid and his discharge for failing to comply with it was illegal and therefore he was entitled to damages for breach of contract. Defendants moved for accelerated and/or summary judgment on the grounds of res judicata, collateral estoppel and failure to exhaust administrative remedies. Saginaw Circuit Court, Joseph R. McDonald, J., denied the motion. Defendants appeal by leave granted. *Held:*

The issue of the validity of plaintiff's discharge was decided in the proceeding before the State Tenure Commission and collateral estoppel precludes relitigation of this issue in a separate action between the same parties in circuit court. There was no reason why plaintiff could not have attacked the validity of his dismissal at the commission hearing by arguing that the contract provision was illegal and failure to comply with it was not a just and reasonable cause for dismissal. The State Tenure Commission has authority to decide requisite

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 46 Am Jur 2d, Judgments §§ 397, 415 *et seq.*
    68 Am Jur 2d, Schools § 183.
[2, 7] 2 Am Jur 2d, Administrative Law § 185.
    68 Am Jur 2d, Schools § 149 *et seq.*
[3] 68 Am Jur 2d, Schools §§ 186, 189, 192.
[4] 46 Am Jur 2d, Judgments § 522.
[5] 2 Am Jur 2d, Administrative Law §§ 597, 598.
[6] 47 Am Jur 2d, Judgments §§ 415-418.

questions of law and whether the agency shop provision was legal was not outside the scope of the commission's jurisdiction.

Reversed.

N. A. BAGULEY, J., dissents. He would hold that plaintiff's choice of forum in which to challenge the legal validity of the shop provision was correct. Jurisdiction of the State Tenure Commission should be limited to questions traditionally arising under the tenure act. Primary jurisdiction over questions of law and interpretation of statutes should be with the courts. Whether an agency shop provision is valid under the public employee relations act is purely a legal question. It is one for the courts to decide, not the State Tenure Commission. Plaintiff's action in circuit court should not be barred by collateral estoppel. At the commission hearing plaintiff's issue was whether he was discharged for just cause. In circuit court he questioned the legal validity of the agency shop clause. The two contentions present separate legal issues which demand different legal analyses and legal proofs. The resolution of one does not invoke the operation of the doctrine of collateral estoppel to bar subsequent litigation of the other issue in another action. He would affirm.

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS — TEACHER'S TENURE ACT — STATE TENURE COMMISSION — DISCHARGED TEACHER — JUST CAUSE — CIRCUIT COURT — RELITIGATION OF ISSUES — ESTOPPEL — STATUTES.

Final decision of an issue in one action precludes relitigation of that issue in a separate action between the same parties; while a teacher may assert a claim for breach of contract apart from any remedy provided by the teacher's tenure act, where it was decided in a proceeding before the State Tenure Commission that a teacher's discharge was for just and reasonable cause, the issue of the validity of the discharge has been litigated and decided and the operation of collateral estoppel precludes relitigation of the discharge issue in circuit court on theories of illegality, breach of contract and damages (MCL 38.71 et seq.; MSA 15.1971 et seq.).

2. SCHOOLS AND SCHOOL DISTRICTS — TEACHER'S TENURE ACT — STATE TENURE COMMISSION — QUESTIONS OF LAW.

The State Tenure Commission has authority to rule on requisite questions of law in deciding actions brought under the teacher's tenure act.

3. SCHOOLS AND SCHOOL DISTRICTS — STATE TENURE COMMISSION — DISCHARGED TEACHER — HEARING — JUST CAUSE — DEFENSES.

A discharged teacher should argue all available defenses at his hearing before the State Tenure Commission; where a teacher could have defended against his discharge by arguing that a shop provision was invalid and his discharge for failing to comply with it was illegal, and failed to do so, he cannot claim later that his discharge was not for just and reasonable cause in a circuit court action for breach of contract.

4. JUDGMENT — ACTIONS — LIABILITY — COLLATERAL ESTOPPEL.

An action must involve the same parties or their privies as were involved in a prior proceeding for collateral estoppel to apply; however, in a subsequent action against two defendants, one not a party to a first action, accelerated judgment in favor of both defendants because of collateral estoppel is appropriate where plaintiff concedes that any liability of the defendant not a party to the first action is dependent upon the liability of the other.

DISSENT BY N. A. BAGULEY, J.

5. SCHOOLS AND SCHOOL DISTRICTS — DISCHARGED TEACHERS — TEACHER'S TENURE ACT — JURISDICTION — BREACH OF CONTRACT — ADMINISTRATIVE REMEDIES — APPEAL AND ERROR.

*A circuit court is not automatically deprived of jurisdiction over a teacher's breach of contract claim for unlawful dismissal simply because the teacher failed to pursue or exhaust alternative administrative remedies under the teacher's tenure act; the aggrieved teacher may assert a common law contract claim completely apart from any appeal procedures provided by the tenure act.*

6. ESTOPPEL — COLLATERAL ESTOPPEL — ISSUES — SUBSEQUENT LITIGATION.

*The resolution of one issue does not invoke the operation of the doctrine of collateral estoppel to bar subsequent litigation of another issue in another action where separate legal issues are presented which require different legal analyses and different legal proofs.*

7. LABOR RELATIONS — ADMINISTRATIVE LAW — TEACHER'S TENURE ACT — STATE TENURE COMMISSION — JURISDICTION — COURTS — JURISDICTION — QUESTIONS OF LAW — PUBLIC EMPLOYEE RELATIONS ACT.

*The State Tenure Commission, as an administrative agency, has the powers necessary to carry out and enforce the provisions of*

*the teacher's tenure act and its jurisdiction and administrative expertise is limited to questions traditionally arising under the tenure act; primary jurisdiction over questions of law and interpretation of statutes should be with the courts; therefore, where the purely legal question of whether an agency shop provision is valid under the public employee relations act is presented, the decision is for the courts, not the State Tenure Commission.*

*Marsh & Marsh,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James A. White),* for Saginaw Education Association.

*Mellinger & Mahlberg,* for Saginaw Board of Education.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

J. H. GILLIS, J. Defendants appeal by leave the circuit court's order denying defendants' motion for summary or accelerated judgment.

Plaintiff was employed as a teacher by the Saginaw Board of Education commencing in 1960. After plaintiff refused to comply with an agency shop clause of the collective bargaining agreement, a hearing was held pursuant to the teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* The board discharged plaintiff on July 16, 1968, ruling that his failure to comply with the provision constituted reasonable and just cause for dismissal.

On appeal to the State Tenure Commission plaintiff's discharge was upheld. No further appeal was taken from that decision.

On May 23, 1974, plaintiff commenced the instant suit in circuit court. Defendants moved for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

accelerated and/or summary judgment, arguing res judicata, collateral estoppel and failure to exhaust administrative remedies.

The trial judge denied the motion and defendants were granted leave to appeal by this Court.

The essential theory of plaintiff's case is that the agency shop provision was invalid and his discharge for failing to comply with it was illegal. He therefore seeks damages for breach of contract.

While a teacher may assert a claim for breach of contract apart from any remedy provided by the teachers' tenure act, *Bruinsma v Wyoming Public Schools*, 38 Mich App 745; 197 NW2d 95 (1972), *Shippey v Madison District Public Schools*, 55 Mich App 663; 223 NW2d 116 (1974), we conclude the operation of a collateral estoppel precludes plaintiff from recovering damages for breach of contract in this case.

Where an issue has been finally decided in one action it cannot be relitigated in a separate action between the same parties. *Jones v Chambers*, 353 Mich 674; 91 NW2d 889 (1958).

In the proceeding before the State Tenure Commission it was decided that plaintiff's discharge was for just and reasonable cause. In the instant suit plaintiff's theory of recovery is that the agency shop provision was illegal and hence his failure to comply with it was not just and reasonable cause for dismissal. He therefore seeks damages for breach of contract. Plaintiff concedes as much in the conclusion of his brief wherein he states:

"Plaintiff had a valid contract with the Board of Education of Saginaw. He could only be dismissed for reasonable and just cause. He was dismissed for a cause that was neither reasonable and just but, in fact, illegal.

"He attempted through the Tenure Commission to get his job back but was unsuccessful. He thereafter sued for damages for a breach of an undeniably valid contract."

The issue of the validity of plaintiff's discharge has been litigated and decided. Plaintiff cannot now attempt to relitigate it.

Moreover, we see no reason why in the hearing before the State Tenure Commission plaintiff could not have attacked the validity of his dismissal by arguing the contract provision was illegal and hence failure to comply with it was not just and reasonable cause for dismissal. Merely because it involved a question of law did not preclude the State Tenure Commission from ruling upon it. In *Long v Board of Education Dist No 1, Fractional, Royal Oak Twp & City of Oak Park,* 350 Mich 324; 86 NW2d 275 (1957), the Supreme Court stated that the commission has authority to decide "requisite questions of law". Where, as here, the sole reason for plaintiff's dismissal was his failure to comply with the agency shop provision, the question of whether that provision was legal was not outside the scope of the commission's jurisdiction.

In addition, while the Supreme Court has ruled that the State Tenure Commission has no jurisdiction where a discharge is for "concerted strike actions", *Rockwell v Crestwood School District Board of Education,* 393 Mich 616, 632; 227 NW2d 736 (1975), the Court in that case also indicated that where a teacher alleges he was discharged for activity protected by PERA he can file a charge with MERC and "such a charge would not preclude a teacher from also defending against the discharge at a teachers' tenure act hearing on the ground that it was not supported by just and

reasonable cause". 393 Mich at 633. Presumably the Court meant the teacher could argue at the tenure act hearing that, because his activity was protected by PERA, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* the discharge was not for reasonable and just cause.

The same situation is before us now. Plaintiff could have defended against the discharge before the commission on the ground that, because the agency shop provision was illegal, his dismissal was not supported by just and reasonable cause.

We find, therefore, that the issue of the validity of plaintiff's discharge has been decided by the State Tenure Commission and plaintiff cannot now claim that it was not for just and reasonable cause in a suit for breach of contract.

Of course, in order for collateral estoppel to apply the action must involve the same parties or their privies as were involved in the prior proceeding, *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). There are two defendants in the instant case, the Saginaw Board of Education and the Saginaw Education Association. The association was apparently not a party at the tenure act hearing. However, because plaintiff concedes that any liability of the association in the instant suit is dependent upon board liability, we conclude it is appropriate that accelerated judgment be granted to both defendants.

Reversed. No costs, a public question being involved.

CYNAR, P.J., concurred.

N. A. BAGULEY, J. *(dissenting).* I dissent.

Plaintiff sought to assert two separate and distinct causes of action in two different forums. In

his appeal to the State Tenure Commission, plaintiff contended that his failure to comply with the agency shop provision of the collective bargaining agreement was not reasonable and just cause for his dismissal under the teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* and demanded reinstatement to his former teaching position. In the instant suit, plaintiff based his claim for relief on a breach of contract theory. He alleged that the agency shop provision was invalid because it violated the public employee relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* that his dismissal for failure to comply with an invalid contractual clause constituted a breach of his employment contract, and that he was thus entitled to damages.

The majority recognizes that a circuit court is not automatically deprived of jurisdiction over a teacher's breach of contract claim for unlawful dismissal simply because he or she failed to pursue or exhaust alternative administrative remedies under the tenure act. The aggrieved teacher may assert a common law contract claim completely apart from any appeal procedures provided by the tenure act. *Bruinsma v Wyoming Public Schools,* 38 Mich App 745; 197 NW2d 95 (1972), *Shippey v Madison District Public Schools,* 55 Mich App 663; 223 NW2d 116 (1974). The majority then concludes, however, that the doctrine of collateral estoppel bars the relitigation of the issue already argued before and decided by the State Tenure Commission, an issue which it broadly denominates as the validity of plaintiff's discharge.

I am forced to disagree because the majority opinion has overstated the breadth of the issue litigated by plaintiff before the State Tenure Commission. Plaintiff's appeal to the commission only

concerned the issue of whether he was justifiably discharged from his employment under the tenure act provision requiring just and reasonable cause for dismissal. MCL 38.101; MSA 15.2001. By contrast, plaintiff's subsequent suit in circuit court attacked the legal validity of the agency shop clause under a provision of another statute, MCL 423.210; MSA 17.455(10) of the PERA, and alleged the consequent invalidity of his dismissal for failure to comply with that contractual clause. While both contentions relate to the overarching question of whether plaintiff was validly discharged, they are nevertheless separate legal issues demanding different legal analyses and considerations of different legal proofs. The resolution of one issue does not invoke the operation of the doctrine of collateral estoppel to bar subsequent litigation of the other issue in another action.[1]

The majority further reasons that the plaintiff could have and should have raised the issue of the illegality of the agency shop provision under the PERA before the State Tenure Commission. On the contrary, my reading of relevant case law convinces me that the circuit court was the more appropriate forum in which to initially raise this pure question of law and statutory interpretation.

The State Tenure Commission was legislatively created and vested with the powers necessary to carry out and enforce the provisions of the tenure act. MCL 38.131, 38.140; MSA 15.2031, 15.2040, MCL 38.137; MSA 15.2037.[2] As such, "its jurisdic-

---

[1] See *Braxton v Litchalk,* 55 Mich App 708; 223 NW2d 316 (1974), and *Mazzola v Vineyard Homes, Inc,* 54 Mich App 608; 221 NW2d 406 (1974), for succinct explanations of the doctrine of collateral estoppel.

[2] For instance, the tenure act, MCL 38.172; MSA 15.2054, provides that:

"No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board. In the event that any section or sections of the contract or agreement

tion and administrative expertise is limited to questions traditionally arising under the teachers' tenure act". *Rockwell v Crestwood School District Board of Education,* 393 Mich 616, 630-633; 227 NW2d 736 (1975). The issue which plaintiff raised in the court below involving the legal interpretation of a provision of the PERA was certainly not such a question.[3]

The majority points to certain language in *Long v Board of Education Dist No 1, Fractional, Royal Oak Twp & City of Oak Park,* 350 Mich 324; 86 NW2d 275 (1957), where the Supreme Court stated that the State Tenure Commission has authority to decide "requisite questions of law". I find this statement in *Long* unpersuasive. The Court's broad directive is merely dictum because the issue of the State Tenure Commission's authority to decide legal questions was not raised on the facts of the case.

Much more persuasive and pertinent than *Long* is the decision in *Smigel v Southgate Community School District,* 388 Mich 531; 202 NW2d 305 (1972), which held that the very question of statutory interpretation which plaintiff raised below

entered into between a teacher and a controlling board make continuance of employment of such teacher contingent upon certain conditions which may be interpreted as contrary to the reasonable and just causes for dismissals, provided by this act, such section or sections of a contract or agreement shall be *invalid and of no effect in relation to determination of continuance of employment of such teacher."* (Emphasis supplied.)

This section clearly grants the commission authority to declare a clause of a contract or agreement invalid, but only insofar as noncompliance would affect continuation of a teacher's employment. The commission is not granted the power to declare a contractual provision invalid for other purposes.

[3] The Supreme Court in *Rockwell, supra* at 630, opined as follows:

"The teachers' tenure act was not intended, either in contemplation or design, to cover labor disputes between school boards and their employees. The *1937 Legislature in enacting the teachers' tenure act could not have anticipated collective bargaining or meant to provide for the resolution of labor relations disputes in public employment."*

was properly brought in circuit court as the judicial forum having primary jurisdiction over the issue. The Court ruled that even MERC, which is the administrative agency authorized to enforce the provisions of the PERA, *Rockwell, supra,* must yield primary jurisdiction to the courts on the purely legal question of whether an agency shop provision is valid under the PERA.[4]

I would accordingly hold that plaintiff's choice of forum in which to raise his challenge to the legal validity of the agency shop provision under the PERA was correct. Plaintiff was, furthermore, not barred by collateral estoppel from pursuing that claim in a second action before the circuit court. The denial of defendants' motion for accelerated judgment below should be affirmed.

---

[4] The Court in *Smigel, supra,* also held that agency shop provisions were rendered invalid by § 10 of the PERA. MCL 423.210; MSA 17.455(10). The Legislature has, however, since amended the language of former MCL 423.210; MSA 17.455(10) to allow agency shop provisions in collective bargaining agreements. MCL 423.210(2); MSA 17.455(10)(2), 1973 PA 25, § 1, effective June 14 (1973). See also *Abood v Detroit Board of Education,* 60 Mich App 92; 230 NW2d 322 (1975), lv den 395 Mich 755 (1975), in which this Court held that MCL 423.210(2) did not operate retroactively to validate agency shop agreements entered into prior to the effective date of the amendment.