OPINION OF THE COURT
George L. Cobb, J.
After the hearing panel selected to hear certain charges filed against a teacher pursuant to section 3020-a of the Education Law had issued its report, the respondent commissioner, upon the appeal of the respondent board of education to him pursuant to section 310 of the Education Law, ordered that the teacher be discharged as punishment rather than be merely suspended from her employment for one year without pay as recommended by the panel. In this article 78 proceeding, which was brought by the teacher, she does not contest the panel’s finding that most of the charges against her should be sustained but seeks only a judgment which would (1) reinstate the panel’s recommended punishment of suspension and (2) vacate the commissioner’s dismissal order.
In judicial proceedings to review the measure of discipline which should be imposed upon a public employee by an administrative agency for employment derelictions, the test is whether or not the punishment imposed in the light of the circumstances is so disproportionate to the offense as to be shocking to one’s sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233). This petitioner, among other derelictions, "violently struck” her employment súperior across the left side of his face and said to him "you son of a bitch, you better not call me a liar” and "you son of a bitch, you better get out of my way, or I’m going to kick you in the crotch”. Furthermore, she then "related to several fellow teachers that * * * [she] * * * struck the Principal, thereby compounding * * * [her] * * * insubordinate conduct”. Since this court believes that this conduct, without more, posed a substantial "risk of harm to the agency or institution, or to the public generally” (Matter of Pell v Board of Educ., supra, p 234), the judiciary cannot say that dismissal was a wholly disproportionate punishment for that kind of offense or that any abuse of discretionary administrative power has been demonstrated. Accordingly, if the commissioner was correct *719 when he ruled that the applicable statutes conferred upon him the power to override the panel’s determination as to the proper measure of punishment to be imposed upon the petitioner, his action may not be disturbed. However, if he erroneously resolved that legal issue, his ruling, of course, would be arbitrary action which may not stand (Matter of Duncan v Nyquist, 43 AD2d 630).
Prior to the amendment of section 3020-a of the Education Law by section 4 of chapter 82 of the Laws of 1977, the employing board of education, upon its receipt of the report of the hearing panel, which set forth the panel’s findings as to guilt or innocence and recommended the punishment to be imposed, could override those findings and fix a penalty or punishment other than that recommended by the panel (Matter of Jerry v Board of Educ., 50 AD2d 149, 150). Thereafter, any teacher feeling aggrieved by the board’s action might seek review of that action by either an appeal to the commissioner pursuant to section 310 of the Education Law or by forthwith instituting a proceeding pursuant to CPLR article 78. Upon such an appeal (e.g., Matter of Donahue, 12 Ed Dept Rep 104), or in such a proceeding (e.g., Matter of Bott v Board of Educ., 41 NY2d 265), the reviewing authority upon a proper record could impose the proper measure of punishment which need not be that which either the employing board or the panel had recommended or imposed.
The amended statute, however, demands that the employing board implement the panel’s findings and recommendations, but gives to both the teacher and the board the right to appeal the "findings of the hearing panel” to either the commissioner or the courts. Since the statute, however, does not expressly state that the panel’s recommendations concerning punishment, as well as its findings, may be appealed, the petitioner says that neither the commissioner nor the courts may disturb the recommendation of the panel concerning the measure of punishment.
The court concedes that the amended statute may be read as the petitioner would read it. However, the commissioner is by statute (Education Law, § 305, subd 1) the "chief executive officer of the state system of education” and pursuant to subdivision 7 of section 310 of the Education Law, he is empowered upon an appeal to him "in consequence of any action * * * [b]y any * * * official act or decision of any officer * * * [or] school authorities” "to examine and decide the *720 same”. The last cited statutes have been judicially construed as granting to him "final authority in passing on many questions bound to arise in the administration of the school system” (Matter of Vetere v Allen, 15 NY2d 259, 266, cert den 382 US 825), and, in so doing, he may substitute his judgment of what is best for that of the local authorities, whose action is being reviewed (Matter of Vetere v Allen, supra, p 267). Section 3020-a of the Education Law, as amended, should be read with the last cited statutes, as the latter have been judicially construed, so as to create a consistent and cohesive statutory pattern (McKinney’s Cons Laws of NY, Book I, Statutes, § 221, subd b). Accordingly, section 3020-a of the Education Law must here be construed as conferring upon the commissioner the power he exercised in this case, i.e., the power to prescribe a different and more onerous punishment than that recommended by the hearing panel.
The petitioner places heavy reliance upon the amendment of section 310 of the Education Law by chapter 857 of the Laws of 1976. However, said amendment did not reduce or restrict the powers of the commissioner, but merely subjected his decisions upon appeals to him to the customary judicial test in article 78 proceedings (Matter of Chauvel v Nyquist, 43 NY2d 48, 52). The change, then, has little, if any, relevance to this proceeding. The standard to be applied upon the instant judicial review is simply whether or not the action taken by the commissioner upon the said appeal to him had a rational basis (Matter of Pell v Board of Educ., supra), and the court cannot say that a decision to discharge a teacher who struck her principal and threatened to do so again was an irrational one.
The petition will be dismissed.