■ In the Matter of ADELE MOCKLER, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 10, 1979 in Albany County, which dismissed the petition, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Education. Petitioner, a tenured teacher in the Duanesburg Central School District, was suspended without pay during the 1978-1979 academic year after a hearing panel found her guilty of levied charges of neglect of duty, insubordination and conduct unbecoming a school teacher. The Duanesburg Board of Education, believing that the penalty should be outright dismissal, appealed to the Commissioner of Education to review the panel's findings (Education Law, § 310).

Petitioner also perfected an appeal to the commissioner for an order vacating and annulling the penalty. The commissioner found that petitioner's misconduct was of a nature likely to undermine the operation of a sound school system and changed the penalty to a dismissal. Petitioner sought review of the commissioner's determination pursuant to CPLR article 78 arguing that the commissioner was without statutory authority to change or alter the disciplinary penalty recommended by the tenure hearing panel (Education Law, § 3020-a, subd 5).* Special Term dismissed the petition. This appeal ensued. The posited issue for resolution is whether section 3020-a of the Education Law, as amended by chapter 82 of the Laws of 1977, restricts the commissioner's scope of review of tenure hearing panels to "findings of fact", and, accordingly, whether any judgmental decision as to penalty would be an act in excess of statutory authority. We conclude that the 1977 amendment to section 3020-a had no such effect. Subdivision 5 of section 3020-a of the Education Law provides that "Either the employee or the employing board may review the findings of the hearing panel either by appeal to the commissioner * * * as provided for by article seven of this chapter, or by a special proceeding under article seventy-eight". The reference to "article seven of this chapter" in subdivision 5 of section 3020-a in connection with an appeal to the commissioner necessarily invokes section 310 of the Education Law, which section specifically authorizes and requires the commissioner to decide such appeals. It has been held that the commissioner, in the exercise of his review authority under section 310, is empowered to de'ermine if employee conduct is detrimental and injurious to the school system, and if such be the case he is statutorily authorized to fix the appropriate penalty. He is not barred by the hearing panel's recommendation nor need he remand the matter if he determines to fix a lesser or greater penalty (see *Matter of Vetere v Allen,* 15 NY2d 259; *Matter of Board of Educ. v Allen,* 6 NY2d 127). Next, given the nature of the proved charges, particularly misconduct in the nature of striking the school principal in the face and using profane language and threats, we cannot say that the commissioner's determination of dismissal is " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur. [100 Misc 2d 717.]

---

* Petitioner did not challenge the validity of the hearing panel's findings of fact as to her guilt in the administrative proceeding below.