■ In the Matter of JOAN MCNAMARA, Appellant, v COMMISSIONER OF EDUCATION, NEW YORK STATE EDUCATION DEPARTMENT, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered January 30, 1980 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed two causes of action seeking the annulment of a determination of respondent Commissioner of Education and directed that petitioner's third and fourth causes of action against respondent Board of Education of the Valhalla Union Free School District be transferred to Supreme Court, Westchester County. Petitioner was a tenured elementary school teacher when, on September 12, 1978, the Board of Education of the Valhalla Union Free School District found probable cause to prefer charges against her of insubordination and conduct unbecoming a teacher. As a result, she was suspended with pay, and she was later reinstated by decision of a three-member hearing panel which dismissed the board's charges. The board then appealed to respondent Commissioner of Education, who affirmed the panel's dismissal of the charge of conduct unbecoming a teacher, but concluded that petitioner was guilty of insubordination. This latter charge was premised upon petitioner's refusal to complete a psychological examination, to which she had originally submitted, by a doctor designated by the board. The commissioner found that her refusal, which was in direct contravention of a board order, constituted insubordination for which she was suspended without pay until such time as she submitted to a complete psychological examination. Seeking review of the commissioner's determination and reinstatement with back pay, petitioner commenced this proceeding. Special Term ultimately upheld the decision of the commissioner and dismissed the two causes of action alleged against him in the petition. Also alleged in the petition were two other causes of action which related to the conduct of the board following the hearing panel's decision, and the court directed that these causes of action be severed from this proceeding and continued in a separate proceeding in Supreme Court, Westchester County. This appeal followed. We hold that Special Term's order should be affirmed, and in so ruling, we initially find to be without merit petitioner's assertion that the commissioner has no jurisdiction to vacate the decision of a hearing panel which has a rational basis and substantial evidentiary support. Clearly, the commissioner is empowered to substitute his judgment for that of a hearing panel or other local school authority, even where the challenged determination of the local authority has a rational basis and is not arbitrary, and where the commissioner has so acted, his determinations have been confirmed by the courts in numerous instances (see *Matter of Vetere v Allen,* 15 NY2d 259, cert den 382 US 825; *Matter of Mockler v Ambach,* 79 AD2d 745; *Matter of Board of Educ. v Nyquist,* 51 Misc 2d 902, affd 28 AD2d 936). In the present case, we further find that the commissioner's determination on the insubordination charge is amply supported by the evidence in the record and that the penalty imposed on petitioner was entirely proper. The board plainly had the authority to require petitioner to complete a psychological test (Education Law, § 913; *Matter of Gargiul v Board of Educ.,* 69 AD2d 986, mot for lv to app den 48 NY2d 606), and it is uncontroverted that petitioner refused to continue with her examination after the first five hours. Moreover, petitioner has failed to establish that the examination was excessively long or that she was prejudiced thereby, and consequently, the finding of insubordination was warranted. Similarly,

the penalty imposed is not shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). It was for a fixed time which was directly ascertainable and within the control of petitioner, i.e., until such time as she submits to a complete psychological examination, so that it complies with subdivision 4 of section 3020-a of the Education Law. Petitioner's remaining contentions are likewise without merit. In particular, we would note that the court certainly did not abuse its discretion when it severed the third and fourth causes of action, which were unrelated to the commissioner and his challenged determination (see CPLR 407; *Home Gas Co. v Banach*, 26 AD2d 758). As for petitioner's additional claim of forgery and fraud in reference to the dissenting opinion in the hearing panel report, this is simply without substance. Order affirmed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Casey, JJ., concur.