■ In the Matter of Gretchen Kloepfer, Appellant-Respondent, v Commissioner of Education of the State of New York, Respondent, and Board of Education of the Rochester City School District et al., Respondents-Appellants. (Proceeding No. 1.) In the Matter of Gretchen Kloepfer, Appellant, v Gordon M. Ambach, as Commissioner of Education of the State of New York, et al., Respondents. (Proceeding No. 2.) — Cross appeals, in Proceeding No. 1, from a judgment of the Supreme Court at Special Term (Pennock, J.), entered August 1, 1979 in Albany County, which (1) dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct the implementation of a teacher tenure hearing panel report and to dismiss an appeal to the Commissioner of Education, and (2) directed that petitioner be paid her salary pending the appeal to the Commissioner of Education. Appeal, in Proceeding No. 2, from a judgment of the Supreme Court at Special Term (Miner, J.), entered August 11, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a determination of the Commissioner of Education dismissing petitioner as a tenured teacher. In June, 1978, petitioner, a tenured elementary classroom teacher in the Rochester City School District, was charged by the school district superintendent with incompetency, inefficiency and incapacity to teach. Following a hearing held pursuant to subdivisions 2 and 3 of section 3020-a of the Education Law, the hearing panel found petitioner to have been

an ineffective and incompetent teacher during the two-year period that she had been teaching at an inner city school, but it concluded that termination of petitioner was not justified. Rather, the panel recommended that petitioner be suspended without pay for a period of approximately six months and recommended her reassignment to another school, in light of petitioner's satisfactory performance in the school district during the 11-year period prior to her involuntary transfer to the inner city school. The school board appealed the panel's penalty recommendation to the Commissioner of Education and sought an immediate stay of the recommended penalty pending the appeal. The stay was granted and petitioner commenced Proceeding No. 1, seeking to compel the board to implement the hearing panel's recommendation, dismiss the board's appeal to the commissioner and vacate the commissioner's stay. Special Term dismissed the petition except to the extent that it directed the board to pay petitioner her salary pending the appeal to the commissioner. Petitioner and the board have appealed. Thereafter, the commissioner ruled in favor of the board on its appeal, annulling the hearing panel's recommended penalty and authorizing the district to terminate petitioner. Petitioner then commenced Proceeding No. 2, seeking to annul the commissioner's determination. Special Term dismissed her petition, and petitioner has appealed. Petitioner contends that the commissioner lacked jurisdiction to consider the board's appeal on the ground that the board failed to comply with certain conditions precedent. First, petitioner relies upon the board's failure to implement the hearing panel's recommendation within 30 days of the board's receipt of the panel's report, as required by subdivision 4 of section 3020-a of the Education Law. There is, however, nothing in the statute authorizing the board to appeal (Education Law, § 3020-a, subd 5) that conditions the right to appeal on the board's compliance with subdivision 4 of section 3020-a. Moreover, the board filed its appeal within the 30-day period and simultaneously sought an immediate stay from the commissioner, which was granted five days after the expiration of the 30-day period. Under these circumstances, we see no merit in petitioner's argument. Next, petitioner notes that the board authorized the appeal to the commissioner at an executive session, rather than at a public meeting which petitioner contends was required by the Open Meetings Law (Public Officers Law, art 7). There is, however, express authority in the statute for dealing with such matters in executive session (Public Officers Law, § 100, subd 1, pars d, f), but discussion of the matter in executive session should have been authorized at an open meeting (Public Officers Law, § 100, subd 1), and no such action was taken in this case. Petitioner has the burden of showing good cause for nullifying the action taken in violation of the Open Meetings Law *(Matter of New York Univ. v Whalen,* 46 NY2d 734), and since petitioner has shown no prejudice to her resulting from the board's action, she has not met this burden. We also note that the board subsequently authorized the appeal again at a public meeting. Accordingly, petitioner's claim that the board did not meet certain conditions precedent to its right to appeal must be rejected. Petitioner's arguments regarding the commissioner's power to review the hearing panel's recommended penalty and the scope of that review must be rejected in light of this court's recent decisions in *Matter of McNamara v Commissioner of Educ., N.Y. State Educ. Dept.* (80 AD2d 660) and *Matter of Mockler v Ambach* (79 AD2d 745, mot for lv to app den 53 NY2d 603). There is nothing in the record to support petitioner's claim that the penalty imposed by the commissioner was so arbitrary as to be unconstitutional, or that it is "'"so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness".'" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.)* We find no merit to petitioner's contention that the commissioner exceeded his authority in granting the board's request for a stay

pending appeal. The commissioner is expressly authorized by statute to grant such a stay (Education Law, § 311, subd 2), and there is nothing in the record to indicate that the commissioner acted arbitrarily or abused his discretion in exercising this power. Moreover, petitioner had notice of the board's request for a stay and did not object. Finally, the board's argument that Special Term erred in directing that petitioner be paid pending the outcome of the board's appeal must be rejected. Although an employee may be suspended pending "final determination" of charges (Education Law, § 3020-a, subd 2), withholding pay during the period of suspension is not authorized *(Matter of Jerry v Board of Educ.,* 35 NY2d 534). Under the circumstances of this case, the final determination of the charges against petitioner did not occur until the commissioner decided the board's appeal and authorized the board to terminate petitioner. Judgments affirmed, without costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.