■ In the Matter of LESLIE SHURGIN, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of respondents which, *inter alia,* directed that petitioner be dismissed from his position as a teacher. Petitioner, a tenured teacher, was charged with knowingly exhibiting to the 11th and 12th grade students in his classes an unauthorized film of a pornographic nature. A hearing was con-

ducted pursuant to section 3020-a of the Education Law. Three students testified that a pornographic film, involving oral sex, had been shown in petitioner's photography class and that petitioner was present. They also testified that before showing the film petitioner announced that the film might be pornographic or "x-rated". Petitioner testified that at no time during the school year did he show such a film. The panel found that such a film was shown and that petitioner was present. The panel also found that such actions "constituted conduct unbecoming a teacher" and evidenced poor judgment rather than a lack of morality. It was recommended that a copy of the decision be made a permanent part of petitioner's record in the nature of a reprimand. The board of education appealed the determination to the Commissioner of Education and petitioner cross-appealed. The commissioner found that there was a rational basis for the panel's finding that a film of an objectionable nature was shown in petitioner's class and, contrary to the finding of the panel, found that petitioner "knowingly exhibited a film of the indicated nature." The commissioner also found that the recommended penalty was disproportionately lenient for the very serious offense and that the appropriate penalty was dismissal. On March 19, 1980 the board of education terminated petitioner's employment. Thereafter, the commissioner denied petitioner's application to reopen the proceeding for the purpose of receiving testimony of certain witnesses. The denial was based on the grounds that the application was not timely and that it was not demonstrated that the witnesses were unavailable at the time of the hearing. The instant article 78 proceeding was commenced seeking an annulment of the decisions of the hearing panel and the Commissioner of Education together with the decision to dismiss petitioner by the board of education. Special Term transferred the proceeding to this court pursuant to CPLR 7804 (subd [g]). Initially, we note that the proceeding was improperly transferred to this court since there was no hearing before the commissioner as none was required (see CPLR 7803, subd 4; 24 Carmody-Wait 2d, NY Prac, § 145.349). This court, however, by reason of the transfer, is now required to determine all the issues (CPLR 7804, subd [g]; *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180). We have examined and reject petitioner's contention that he was denied due process of law. While the misconduct found did not occur on the date specified in the bill of particulars and petitioner was never informed of the exact date on which the misconduct occurred, the record demonstrates that the charges were sufficiently clear to apprise petitioner of the reason for the hearing and to prepare a proper defense *(Matter of Jerry v Board of Educ.,* 50 AD2d 149, 158). Furthermore, petitioner knew the names of the students in his third period photography class and could easily have questioned them concerning the incident and also examined the records pertaining to the attendance in his classes. We also reject petitioner's contention that the panel's decision must be reinstated and the decision of the commissioner annulled. It is well established that the commissioner, unlike the courts, is empowered to substitute his judgment for that of the hearing officer whose actions he is reviewing. Consequently, the commissioner was free to make new findings based on the evidence and in consideration thereof to impose a different penalty, so long as his findings had a rational basis. From our examination of the record we are unable to say that there was no rational basis for the commissioner's findings or his imposition of the penalty of dismissal. Nor do we find the commissioner's denial of petitioner's application to reopen either arbitrary or illegal. The determinations, therefore, should be confirmed and the petition dismissed *(Matter of Strongin v Nyquist,* 44 NY2d 943). We have examined all other issues raised by petitioner and find them

unpersuasive. Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.