■ In the Matter of BERNICE LEVYN, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 25, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Petitioner, a tenured teacher in the New York City school system, was suspended without pay for seven months

after a hearing panel found her guilty of charges of excessive lateness, neglect of duty, conduct prejudicial to the operation of the school system, and incompetent service. The Community School District No. 20, believing that the penalty should be outright dismissal, appealed to the Commissioner of Education to review the panel's finding (Education Law, § 310). The commissioner found that in view of petitioner's excessive lateness, her deliberate and negligent conduct in using an immersion water heater that resulted in a minor classroom fire, and her teaching deficiencies, the appropriate penalty was dismissal. Before her dismissal became effective, however, petitioner filed for retirement. Petitioner thereafter sought review of the commissioner's determination pursuant to CPLR article 78, arguing that the commissioner's substitution of his judgment for that of the panel and the change in penalty were illegal, arbitrary and capricious. Special Term determined that the commissioner's ruling was arbitrary and capricious, and ordered petitioner reinstated provided she rescind her retirement application. This appeal ensued. At issue is whether the record demonstrates that the commissioner's determination was arbitrary and capricious. The commissioner is authorized to alter findings of a hearing panel and to impose a penalty based upon his own findings, provided there is a rational basis for his decision (Education Law, § 310; *Matter of Shurgin v Ambach,* 83 AD2d 665, mot for lv to app granted 54 NY2d 607; *Matter of Mockler v Ambach,* 79 AD2d 745, mot for lv to app den 53 NY2d 603). The appropriate standard for review is whether the determination was arbitrary and capricious *(Matter of Board of Educ. v Nyquist,* 48 NY2d 97). Dr. Nicholson, petitioner's psychiatrist, diagnosed her as suffering from involutional or melancholic depression, an illness that occasioned misconduct. The psychiatrist stated that petitioner could return to work with appropriate treatment. Ostensibly, the panel assigned significant weight to this testimony and concluded that suspension was sufficient penalty. The commissioner, however, found that the charges having been sustained, the punishment of dismissal was warranted. He also concluded that since the psychiatrist commenced treatment subsequent to the events in question, and refused to express any opinion as to petitioner's functions as a teacher, the hearing panel's reliance on his testimony was "misplaced". We agree. Essentially, the function of the panel is to assemble all relevant evidence necessary to reach an informed result (see *Matter of Sowa v Looney,* 23 NY2d 329, 333). While it cannot be gainsaid that the psychiatrist's testimony did provide a reason for petitioner's obvious errant conduct, "[i]t is well established that the commissioner, unlike the courts, is empowered to substitute his judgment for that of the hearing officer whose actions he is reviewing. Consequently, the commissioner was free to make new findings based on the evidence and in consideration thereof to impose a different penalty, so long as his findings had a rational basis." *(Matter of Shurgin v Ambach,* 83 AD2d 665, 666, *supra; Matter of McNamara v Commissioner of Educ., N. Y. State Educ. Dept.,* 80 AD2d 660.) The commissioner is empowered to determine if the employee's conduct is detrimental and injurious to the school system, and if such be the case, as he found in this instance, he is statutorily authorized to fix the appropriate remedy and may disregard the panel's recommendation if he determines to fix a greater or lesser penalty *(Matter of Mockler v Ambach,* 79 AD2d 745, 746, *supra).* There is substantial evidence to support the commissioner's determination and it should not be disturbed. In light of the gravity of the sufficiently proven misconduct, it cannot be said that the sanction of dismissal was, as a matter of law, inappropriate *(Matter of Linfield v Nyquist,* 48 NY2d 1005); nor was the sanction so disproportionate to the misconduct as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). In view of this conclusion, we deem it unnecessary to reach the issue of the voluntari-

ness of petitioner's retirement which has enabled her to enjoy the status of a retired teacher, not susceptible to the effects of this disciplinary action. Judgment reversed, on the law, determination confirmed and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.