■ In the Matter of HARRISON SWIKE, Appellant, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered October 1, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a determination of the Commissioner of Education which dismissed petitioner as a tenured teacher. Petitioner, a tenured teacher in the Hauppauge School District, was charged in 29 charges, with incompetence, neglect of duty, conduct unbecoming a teacher, insubordination and inefficiency. After a hearing pursuant to section 3020-a of the Education Law, some of the charges were dismissed as time barred but the panel sustained 13 charges in whole or part, finding neglect of duty, inefficiency and insubordination. Petitioner was suspended without pay for seven months. Both parties appealed, pursuant to section 310 of the Education Law, to the Commissioner of Education who found substantial evidence to support the charges sustained by the hearing panel. The commissioner also annulled the hearing panel's dismissal of Charge No. 12 and sustained the charge, which alleged that petitioner was so inefficient and incompetent that an inordinate number of students failed to complete the course. The commissioner further sustained all of Charge No. 29 and not only the charge of inefficiency as sustained by the hearing panel. As a result, the commissioner authorized the termination of petitioner's services. The instant article 78 proceeding was commenced to set aside the commissioner's determination. Special Term dismissed the petition and this appeal ensued. Initially, petitioner contends that the commissioner exceeded his authority by increasing the penalty. We disagree. Recent decisions of this court are to the contrary (*Matter of Kloepfer v Commissioner of Educ. of State of N.Y.,* 82 AD2d 974; *Matter of McNamara v Commissioner of Educ., N.Y. State Educ. Dept.,* 80

AD2d 660). Furthermore, on this record, we reject petitioner's contention that the increased penalty imposed by the commissioner amounted to a double penalty since the board failed to obtain a stay pending appeal. To so prohibit the commissioner from imposing a different penalty than that recommended by the hearing panel would preclude him from exercising his well-established authority to review the hearing panel's recommended penalty. We also reject petitioner's contention that the commissioner's findings are not based on substantial evidence. The record reveals testimony by petitioner's department chairman that the students were concerned with their status in petitioner's course and were confused as to what was required of them. There was also testimony by the school principal that there was a lack of effective communication between petitioner and the students and that there were numerous requests for transfers from petitioner's class. There was also testimony as to the lack of effectiveness of petitioner as a teacher. Considering the record as a whole, there is substantial evidence to sustain the determination of the commissioner and we should not disturb it (*Matter of Pell v Board of Educ.,* 34 NY2d 222). We have considered all other issues raised by petitioner and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.