LAKESHORE BOARD OF EDUCATION v GRINDSTAFF

Docket No. 98748. Submitted December 15, 1987, at Lansing. Decided February 9, 1989. Leave to appeal granted, 432 Mich 918.

The Board of Education of Lakeshore Public Schools discharged John Grindstaff, a tenured teacher, for insubordination. The State Tenure Commission, while agreeing with the board that Grindstaff had been insubordinate, found discharge to be too severe a penalty and reduced the penalty to a suspension without pay for a single semester with reinstatement thereafter. The board appealed. The Court of Appeals reinstated the decision of the board on the basis that the board was justified in dismissing Grindstaff, but without addressing the question of whether the Tenure Commission had the power to reduce the penalty imposed. Unpublished opinion per curiam of the Court of Appeals, decided March 11, 1988 (Docket No. 98748). Grindstaff sought leave to appeal to the Supreme Court, which in lieu of granting leave remanded the matter to the Court of Appeals for consideration of the question: "Whether the State Tenure Commission has the authority to reduce a discipline sanction from discharge to a suspension despite finding that the misconduct charges were proven." 431 Mich 902 (1988).

The Court of Appeals *held*:

Upon a finding that a misconduct charge was proven, the State Tenure Commission lacks either statutory or equitable authority to reduce a disciplinary discharge imposed by a school board to a suspension for a limited term.

Schools — Tenure Commission — Discharge of Teachers — Scope of Review.

The State Tenure Commission's review of a dismissal of a tenured teacher by a local school board is limited to determining whether the dismissal was arbitrary or unreasonable; the commission lacks any statutory or equitable power to reduce a board's dismissal of a teacher to a mere suspension of the teacher for a limited period on the ground that the board's penalty was too severe.

References

Am Jur 2d, Schools §§ 202-207.

See the Index to Annotations under Teachers and Instructors.

*Glime, Daoust, Wilds, Rusing & LeDuc* (by *Gary W. Wilds*), for plaintiff.

*Miller, Cohen, Martens & Ice, P.C.* (by *Mark H. Cousens*), for defendant.

Before: HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. This case is on remand to this Court by order of the Supreme Court for the limited purpose of considering the following issue: "Whether the State Tenure Commission has the authority to reduce a discipline sanction from discharge to a suspension despite finding that the misconduct charges were proven." 431 Mich 902 (1988). In our earlier unpublished per curiam opinion of March 11, 1988, we reversed the decision of the Tenure Commission. The Tenure Commission had agreed with the petitioner that respondent had been insubordinate, but found discharge to be too severe a penalty. It reduced respondent's penalty to suspension for the first semester of the 1983-84 school year without pay and ordered that respondent be reinstated and paid all salary lost commencing with the start of the second semester of the 1983-84 school year. Having found that the school board was justified in dismissing respondent, we reinstated the board's decision without reviewing the penalty imposed by the Tenure Commission or addressing the issue now before us.

Petitioner discharged respondent from his teaching position on the ground that he was insubordinate and persistently failed to abide by petitioner's administrative rules and directives. Respondent had been employed by petitioner for eighteen years. The record is replete with descriptions of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the numerous warnings and reprimands issued to respondent from 1965 to 1982, as well as the two events in 1983 which apparently prompted petitioner to seek his dismissal.

The Tenure Commission cites as authority for its duty to review the penalty imposed and to order a reduction of the measure of punishment its October 5, 1984, decision in Docket No. 82-69, a case in which the names of the parties were kept private. In general, respondent here has adopted an analysis similar to that in 82-69. In 82-69, the Tenure Commission cited three bases for its claim of such authority: (1) the provision of the teacher tenure act, MCL 38.137; MSA 15.2037, under which the commission is vested with "such powers as are necessary" to carry out and enforce the act; (2) the language in *Long v Bd of Ed,* 350 Mich 324; 86 NW2d 275 (1957), indicating that all questions of law and fact are subject to the Tenure Commission's de novo review; and (3) authority from other jurisdictions.

The question before the Tenure Commission in this case was the propriety of petitioner's dismissal of respondent, a tenured teacher. Under the teacher tenure act, a tenured teacher may be discharged only for reasonable and just cause. MCL 38.101; MSA 15.2001. A tenured teacher may appeal to the Tenure Commission any decision of the school board that comes within the provisions of the act. MCL 38.121; MSA 15.2021. The Tenure Commission reviews a dismissal to determine if the board's decision was arbitrary or unreasonable. *Rehberg v Melvindale, Ecorse Twp Bd of Ed,* 330 Mich 541, 548; 48 NW2d 142 (1951). In its review, the Tenure Commission makes a de novo determination as to all questions of law and fact which are before it. See *Ferrario v Escanaba Bd of Ed,* 426 Mich 353, 366-367, 388; 395 NW2d 195 (1986);

*Long v Royal Oak Bd of Ed,* 350 Mich 324, 326; 86 NW2d 275 (1957). While the Tenure Commission has been "vested with such powers as are necessary to carry out and enforce the provisions" of the act, MCL 38.137; MSA 15.2037, it may not impose a duty upon the school board or order equitable relief that is not expressly authorized by the act. *Benton Harbor Bd of Ed v Wolff,* 139 Mich App 148, 156; 361 NW2d 750 (1984), lv den 422 Mich 976 (1985); *Farmer v Holton Public Schools,* 138 Mich App 99, 104; 359 NW2d 532 (1981). This is consistent with the generally accepted principle that an administrative reviewing panel has only that power and authority granted to it by statute. 2 Am Jur 2d, Administrative Law, § 546, p 355. See also, *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 399-400; 404 NW2d 757 (1987); *Pharris v Secretary of State,* 117 Mich App 202, 204; 323 NW2d 652 (1982).

In modifying respondent's dismissal the Tenure Commission took it upon itself to decide how best to discipline the teacher. There is no provision in the act which expressly or impliedly grants this power to the Tenure Commission. Its role was limited to determining if the dismissal was arbitrary or unreasonable. The Tenure Commission's determination that a teacher has been wrongfully discharged includes the power to order reinstatement and the payment of all lost wages. MCL 38.103; MSA 15.2003; *Shiffer v Gibraltar Bd of Ed,* 393 Mich 190; 224 NW2d 255 (1974). However, we find no indication in the act that the Tenure Commission has been granted equitable powers that would authorize it to fashion whatever remedy it sees fit. *Wolff, supra.*[1]

[1] In *Wolff, supra,* this Court found that the Tenure Commission could not order the board to provide specialized training to a teacher as part of a reinstatement order. This Court quoted with approval the

Our holding does not challenge the Tenure Commission's mandate of de novo review under *Long,* but recognizes that the review is limited by the provisions of the act. Our Tenure Commission has not been granted by statute or constitution the same broad powers to fashion a remedy as has been granted in other states. *In re Fulcomer,* 93 NJ Super 404; 226 A2d 30 (1967); *Matter of Bott v Deposit Central Bd of Ed,* 41 NY2d 265; 392 NYS2d 274; 360 NE2d 952 (1977); *Matter of Mockler v Amback,* 100 Misc 2d 717; 420 NYS2d 111 (1979), aff'd 79 AD2d 745; 434 NYS2d 809 (1980); *Matter of Vetere v Allen,* 15 NY2d 259; 258 NYS2d 77; 206 NE2d 174 (1965). Nor does it have specific statutory power, as does our Civil Service Commission, to both discipline employees and review the discipline imposed by others. MCL 38.154; MSA 5.3364; *Konyha v Mt Clemens Civil Service Comm,* 393 Mich 422, 424-425; 224 NW2d 833 (1975).

In general, we defer to an agency's construction of the statute it is charged with administering. *Davis v Harrison Bd of Ed,* 126 Mich App 89, 97; 342 NW2d 528 (1983). Great weight is given to the expertise of the Tenure Commission when it is acting to promote the statutory scheme of the act.

dissenting opinion of Tenure Commission Member Gibson to the effect that the act provides only for reimbursement. Member Gibson noted: "Had the Legislature desired the retraining of teachers by their employees, it would have clearly provided for that relief in the statute." *Wolff, supra,* p 156. Member Gibson also dissented in this case in the order directing the briefing of this issue. We agree with her observation that the Tenure Commission is not permitted to fine tune the penalty imposed and has been provided by statute with authority to order one remedy—reinstatement with payment of lost wages. As in *Wolff,* the act does not clearly provide for the relief proposed by the Tenure Commission.

We also note that in a footnote to its order requesting briefs on this issue in its decision and order 82-69, the Tenure Commission cited two of its decisions in which it had modified a board's decision, but without extensive discussion of the nature or scope of that power. One of those decisions was the one reversed in *Wolff.*

*Tomiak v Hamtramck School Dist,* 426 Mich 678, 690; 397 NW2d 770 (1986). However, an administrative interpretation is not conclusive and cannot be used to overcome the plain meaning of the statute. *Grand Rapids Ed Ass'n v Grand Rapids Bd of Ed,* 170 Mich App 644, 651; 428 NW2d 731 (1988). To agree with the Tenure Commission's interpretation would be to agree that it has the power to discipline teachers. We find nothing in the act to support this position.

We therefore find that the act does not authorize the State Tenure Commission to modify or reduce a sanction from discharge to suspension and therefore the Tenure Commission erred in its construction of the act and in assuming this authority.