In the Matter of NELLIE DUNCAN, Appellant, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered March 28, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. The respondent initially contends that judicial review of his decision is precluded by section 310 of the Education Law. It is now established that decisions of the commissioner involving the construction of a statute and questions of law will be reviewed by the courts upon the basis that if there has been error by the respondent in his determination of legal issues, such error would be arbitrary. (See *Matter of Ross* v. *Wilson*, 308 N. Y. 605; *Matter of Board of Educ., Cent. School Dist. No. 2, Town of Oyster Bay* v. *Nyquist*, 36 A D 2d 199; *Matter of Board of Educ., Union Free School Dist. No. 6* v. *Allen*, 29 A D 2d 24.) A review of the commissioner's decision establishes that his determination was premised upon a construction of article 52-A of the Education Law added by chapter 330 of the Laws of 1969 as effective July 1, 1970. The respondent found that the appellant had attained tenure as an assistant elementary principal in the New York City School system and that she had such tenure prior to leaving such supervisory position with Community District No. 19 in 1970. The appellant, on July 1, 1970, entered into a contract with Community District No. 23 to serve as its Community Superintendent. (See Education Law, §§ 2590-e, 2590-f.) The respondent has found that the

appellant voluntarily left her tenure position with Community District No. 19 when she assumed the contractual position with Community District No. 23 and the record does not contain any facts which would dispute that finding. Furthermore, the respondent has found that when a tenured person voluntarily leaves the tenure position, such person thereafter has no right to demand reinstatement with that employer and it does not appear that such finding is erroneous. The appellant's contract with District No. 23 was apparently for a term of two years beginning September 1, 1970 and ending June 30, 1972. However, the appellant, on or about June 23, 1971 submitted her resignation as Community Superintendent, effective August 31, 1971, and such resignation was accepted by District No. 23. The appellant, prior to the commencement of the 1971–1972 school year requested the New York City School District to assign her to a supervisory position within the city school system. The appellant alleged in the proceedings before the respondent and in the proceedings before Special Term that from September 14 through September 27, 1971 she reported daily to the Office of Personnel for the New York City School District Board of Education and was assigned various duties. The record establishes that during the period of appellant reporting to the personnel office, the City Board was attempting to find employment with a Community District Board in keeping with her supervisory skill. The appellant has further alleged that on or about September 27 she was directed by a representative of the City Board to no longer report to its offices and/or perform any duties. The record contains no substantial dispute as to the aforesaid allegations of the appellant in regard to her activities from September 14 to September 27, 1971. The appellant commenced these proceedings for reinstatement and back pay upon the theory that regardless of whether she was employed by Community District No. 19 or Community District No. 23 she was at all times legally the employee of the City Board and had such tenure and rights with the City Board as would permit her to request reassignment from one school to another within the city school system based upon seniority and tenure insofar as there were vacancies in such school system in her tenured capacity. The appellant is further contending that, having tenure with the City Board, she could not be terminated by such board without a hearing and upon appropriate charges insofar as there were vacancies in the New York City School System in her tenured capacity. Article 52-A of the Education Law caused a reorganization of the New York City Public School System into several distinct and separate community districts. As the respondent and Special Term have found, each of these districts is autonomous insofar as the employment of teachers and supervisory personnel is concerned. (See Education Law, § 2590-e.) Despite the delegation of educational responsibility by the Legislature to the local geographic units comprising community districts, it is apparent that, pursuant to the provisions of article 52-a, supervisory responsibility for the community districts was retained by the City Board and it has been continued as a Board of Education. One apparent intent of article 52-A was to give local groupings of citizens a greater voice in selecting educational personnel appropriate to such local citizenry. It would be reasonable to anticipate that the delegation to the community boards of power to select educational and supervisory personnel might lead to attempts by such local boards to express dissatisfaction, if any, with the prior staffing policies of the City Board by terminating the services of otherwise tenured teachers and supervisory personnel. In this regard, article 52-A includes section 2590-j which continues eligible lists and restrictions upon those who might be employed by community boards and section 2590-n spe-

cifically relating in part to tenured employees. Subdivision 1 of section 2590-n provides in part for the transfer to community boards of such employees of the city district as were employed in connection with the schools and programs to be subjected to the jurisdiction of the community boards. Subdivision 4 of section 2590-n provides as follows: "4. If, at any time after the effective date of this article, the city board or any community board employs as a member of the teaching or supervisory staff in the schools and programs under its jurisdiction a person previously employed by the interim board, the city board or a board within the city district, such person shall be granted: (a) tenure on the basis of tenure in the city district prior to the transfer date; or (b) prior service credit toward the achievement of tenure on the basis of probationary service in the city district immediately prior to the transfer date if such service continued without substantial interruption until the date of the new employment. When the city board or a community board employs a member of the teaching or supervisory staff who received tenure from or had probationary service for another board after the transfer date, the employing board shall grant such member tenure or prior service credit." As noted hereinabove, article 52-A was effective on July 1, 1970 at which time the appellant was employed by Community District No. 19. Pursuant to subdivision 4 as quoted, the appellant acquired tenure on July 1, 1970 with Community District No. 19. As found by the respondent and Special Term, the appellant surrendered her tenure with District No. 19 by virtue of leaving that position for one with District No. 23. It is undoubtedly correct that as to District No. 19 the appellant had no remaining right to reinstatement with that district. Nevertheless, if the appellant had been employed by District No. 23 as an assistant elementary principal there would be no doubt as to her having tenure in such position pursuant to the provisions of subdivision 4 of section 2590-n. The respondent in his decision made no determination as to whether or not the position with District No. 23 was tenured and for present purposes it does not appear that such a determination is necessary to the appropriate disposition of this appeal. In any event, it would seem certain that the appellant's resignation of her employment with District No. 23 would effectively terminate any right to reinstatement with that district. However, as noted hereinabove, the appellant has persistently alleged that she was employed in some capacity at the offices of the City Board in September of 1971. The respondent's decision did not recognize the appellant's undisputed allegations of employment by the City Board in September of 1971 or construe the effect of section 2590-n upon such employment. To the extent that the respondent has found that it would be legally impossible for the appellant to have acquired tenure by a reinstatement thereof through subsequent employment with the City Board, it is erroneous as a matter of law and, accordingly, must be annulled. Upon the present record the annulment of the respondent's determination will leave open remaining questions of fact and law as to the effect of the appellant's employment by District No. 23 and by the City Board in accordance with the provisions of subdivision 4 of section 2590-n. These are issues which should be determined by the respondent in the first instance and, therefore, the matter should be remitted to him for a hearing and further consideration and determination. Judgment reversed, on the law and the facts, with costs, and petition granted to the extent of annulling the determination of the respondent and remitting the matter to him for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott and Reynolds, JJ., concur; Cooke and Main, JJ., dissent and vote to affirm.