OPINION OF THE COURT
George L. Cobb, J.
Beginning June 1, 1973 with the knowledge and approval of the respondent, petitioner began to pay sales and use taxes directly to the State upon taxable "inventory” items it had purchased as such items were withdrawn from its inventory, while prior to that day, such taxes had been paid as such *869 items were purchased. Prior to and immediately after that day, petitioner conferred with representatives of the respondent and the two parties exchanged correspondence concerning the mechanics of the change in procedure. To avoid certain administrative problems, petitioner planned to take a credit on the first four quarterly returns it would file after June 1, 1973 for all taxes which it had previously paid on items which were in inventory on that date with the understanding that, after that date, taxes would be paid on all items as they were withdrawn from inventory at the rate then in effect irrespective of when that item might have been purchased. In reliance upon its understanding that the respondent had agreed to all of the above described procedures, the petitioner prepared and filed the said quarterly returns, which covered the period from June 1, 1973 to May 31, 1974, and took credit thereon for the total taxes it had paid up to June 1, 1973 on all items which were in inventory on that date.
The respondent, however, on May 12, 1975, issued a notice of determination and demand for payment of sales and use tax due for a sum equal to the credit which petitioner had taken on those returns for taxes it had paid on any item purchased prior to May 31, 1970 upon the ground that the three-year Statute of Limitations set forth in subdivision (a) of section 1139 of the Tax Law was an absolute bar to the allowance of any credit for such taxes, and after a hearing had been had upon the application of the petitioner, the respondent commission upheld its original determination in all respects except that interest and a penalty on the deficiency were waived. This CPLR article 78 proceeding was then instituted to review the latter determination.
The respondent says that petitioner has raised a substantial evidence issue, and, accordingly, this proceeding should be transferred to the Appellate Division of this Judicial Department pursuant to CPLR 7804 (subd [g]), and prior to the submission by petitioner of its reply affirmation, the court believes that a transfer would have been appropriate. However, petitioner’s reply affirmation states, in part, that "[t]he petitioner does not dispute the findings of fact as contained in respondent’s Determination dated February 14, 1979; rather the petitioner disputes the relevance and applicability of the legal standard (i.e. the Statute of Limitations contained in Tax Law Section 1139) used by the respondent to affirm the Sales Tax Bureau’s assessment of additional sales and use tax”, and *870 the court believes that, because of this action, the sole issue which remains to be decided by the court in this proceeding is whether or not the respondent has correctly interpreted and applied subdivision (a) of section 1139 of the Tax Law. The petitioner’s claim that the respondent erroneously applied the statute is, of course, a charge that respondent was arbitrary and capricious (Matter of Duncan v Nyquist, 43 AD2d 630) and this court, then, should decide this proceeding.
Subdivision (a) of section 1139 of the Tax Law imposes a three-year Statute of Limitations upon claims for a refund or credit of "any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid”. The credit which petitioner sought and respondent disallowed is not for taxes which were erroneously, illegally or unconstitutionally collected or paid, but for taxes which, at the time they were paid, were unquestionably due and owing. Accordingly, it is apparent that the commission has misconstrued the statute and since its subject determination was bottomed upon that erroneous construction, the court will grant a judgment which annuls the determination complained of and remits this proceeding to the respondent for further proceedings not inconsistent with this opinion.