OPINION OF THE COURT
Robert F. Doran, J.
At issue in this article 78 proceeding is the Tax Commission’s method of computing the truck mileage tax under the optional gross weight method as set forth in subdivision 2 of section 503 of the Tax Law and its implementing rules and regulations (20 NYCRR 481.5).
Initially, the commission contends that this matter should be transferred to the Appellate Division. The court disagrees. This proceeding involves solely the construction, interpretation and application of a particular section of the Tax Law and its implementing rules and regulations. Thus, the matter involves a question of whether the commission acted in an arbitrary fashion and is therefore a matter for this court (Matter of Duncan v Nyquist, 43 AD2d 630; Matter of Consolidated Edison Co. of N.Y. v State Tax Comm., 101 Misc 2d 868; CPLR 7803, subd 3).
The petitioner is in the trucking business and owns and leases several tractors and trailers. For the tax period July 1, 1971 through March 31,1975, the petitioner reported to *426 the taxing authority each and every month. On each monthly report, it reported the maximum gross weight for a laden mile at 73,000 pounds. This maximum gross weight was determined by combining the weight of the petitioner’s heaviest tractor together with the unloaded weight of its heaviest trailer, plus the maximum allowable load for the trailer as set forth in the trailer permit. Based on the maximum gross weight of 73,000 pounds, the petitioner paid a tax of $.0325 for each mile traveled in New York State with a laden load.
Based on a field audit, an assessment was made against the petitioner for additional taxes. For each of the years in question, the field auditor found that the following maximum gross weights should have been used:
1971 — 75,550 pounds
1972 — 77,550 pounds
1973 — 78,000 pounds
1974 — 78,000 pounds
1975 — 78,000 pounds
Based on the increased weights, additional taxes were assessed in 1971 utilizing a rate of $.035 for each mile and for 1972,1973,1974 and 1975 utilizing $.037 for each mile. Total additional taxes assessed were $5,894.63 and interest thereon amounted to $521.36, for a total of $6,415.99.
The theory of the field auditor for increasing the maximum gross weights was that in examining the petitioner’s records (shipping manifests, for example), he determined the weight of certain laden trips exceeded that allowed by the trailer permit. For example, on some hauling of steel on one or more trips during each taxable year, the auditor found that the actual gross weight of a trailer exceeded the registered gross permissible weight of the trailer as set forth on the permit. On the basis of the highest actual load during a given taxable year as determined from the various records of the petitioner, the auditor raised the maximum gross weight of 73,000 pounds to the figures set forth above for each taxable year.
It is the petitioner’s position that there is no basis in law for utilizing gross weight in excess of that set forth in the trailer permit. The court agrees.
*427 The utilization of actual excess weight is limited solely to the method of gross weight taxation as set forth in subdivision 1 of section 503 of the Tax Law and 20 NYCRR 481.4. Because that method was not used by the petitioner for the years in question, it was arbitrary for the commission to utilize actual excess weight under the optional gross weight method as set forth in subdivision 2 of section 503 of the Tax Law and 20 NYCRR 481.5. A reading of the applicable statute and the regulations (Tax Law, § 50\3, subd 2; 20 NYCRR 481.5) and the instructions for preparing the truck mileage tax returns (TMT-3.8) reveals no basis for which actual excess weight can be used for the optional method. In addition, it is clear that the commission utilized 20 NYCRR 481.4 (e) in its determination. That is the section of the Official Compilation of Codes, Rules and Regulations of the State of New York that the commission cited in paragraph B of its conclusions of law. However, this court finds no basis in law for utilizing that section. The commission’s determination is therefore arbitrary.
The court has examined the other points raised by the petitioner and finds them to be without merit. For example, the petitioner declares that all assessments prior to January, 1973 are void because the petitioner corporation was not in existence until 1973. However, since that point was never raised at any time until this article 78 proceeding was commenced by notice of motion, it cannot now be considered. The petitioner’s other point is that the determination of the commission is null and void because it failed to obtain written recommendations from the hearing officer. Apparently, the hearing officer had resigned before making his recommendations. There is no question that the Official Compilation of Codes, Rules and Regulations (20 NYCRR 601.9 [e]) provides that the hearing officer shall review the evidence and make written recommendations to the commission. However, where it is impossible to obtain those written recommendations, the court concludes that the commission itself can look at the entire record and make its determination without benefit of those recommendations.
*428 The court will grant judgment to the petitioner annulling the determination of the respondent, with costs and disbursements.