In the Matter of DECATO BROTHERS, INC., Respondent, v STATE TAX COMMISSION, Appellant.

Third Department, December 30, 1982

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Diane DeFurio Foody* and *Jeremiah Jochnowitz* of counsel), for appellant.

*Johnson & Allen (John L. Allen* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Petitioner is a New Hampshire trucking company which, because it transports products through New York, is subject to this State's highway use tax. At issue in this proceeding is petitioner's liability for this tax for the period between July 1, 1971 and March 31, 1975. The standard method for calculating highway use tax liability is to

multiply the number of miles operated within the State by a tax rate based on the vehicle's weight (Tax Law, § 503, subd 1). If the vehicle is unladen, the tax rate utilized corresponds to the vehicle's unloaded weight. If the vehicle is laden while being operated in the State, the applicable figure is the total of the vehicle's weight plus the weight of its maximum load, a total defined as the vehicle's "gross weight" (Tax Law, § 501, subd 4).

Instead of calculating its highway use tax liability pursuant to the standard method, petitioner chose to compute its taxes pursuant to an optional method of calculation permitted tractor trailer carriers (Tax Law, § 503, subd 2). This optional method, permitted since 1957 (L 1957, ch 362) in an effort to simplify the preparation of highway use tax returns, utilizes the tractor trailer's "combination weight". A vehicle's "combination weight" is the sum of the actual weight of the heaviest tractor used by the carrier and the individual trailer's gross weight, if laden, or actual weight, if unladen (Tax Law, § 503, subd 2).

An audit of petitioner's returns for the years in question revealed that the actual weight of some of petitioner's tractor trailers on trips through this State exceeded the "combination weight" calculated by petitioner under the optional method of subdivision 2 of section 503 of the Tax Law. This variation resulted from the fact that some of petitioner's vehicles were carrying cargo in excess of the maximum load allowed in their highway use permits (see Tax Law, § 502). This finding caused respondent to sustain an additional highway use tax assessment against petitioner calculated on the basis of the tractor trailer's actual weights which were in excess of the combination weights calculated pursuant to the statute. Petitioner's CPLR article 78 proceeding seeking to challenge that determination was sustained by Special Term (110 Misc 2d 425) and this appeal by respondent ensued.

Respondent argues that 20 NYCRR 481.4 (e) supports its action in calculating petitioner's highway use tax liability on the basis of the vehicle's actual weight when the trailer's cargo exceeded the weight set forth in its permit. Special Term, in rejecting this argument, ruled that the regulation was only applicable to highway use tax compu-

tations prepared under the standard method of subdivision 1 of section 503 of the Tax Law and had no application where, as here, the liability for highway use taxes was calculated under the optional method of subdivision 2 of that section.

We disagree with Special Term. It is our view that 20 NYCRR 481.4 merely explains the manner in which the term "gross weight" is to be calculated. As such, it is equally applicable to both the standard gross weight method of determining highway use tax liability contained in subdivision 1 of section 503 and the optional method contained in subdivision 2 of that section since both subdivisions involve calculations based on gross weight. We find nothing in the regulations which suggests that a carrier who reports under the optional gross weight method may use the gross weight figure set forth in its permit when that figure is less than the actual weight of the vehicle. Such a result would not only thwart the legislative intent behind the highway use tax to tax heavier motor vehicles at a higher rate, but would reward those carriers who underreported the gross weights on their permits and failed to have their permits amended upon discovering that the vehicle's actual weight exceeded that allowed on the permit. Since highway use permits were designed to be an aid in enforcing the tax imposed under article 21 of the Tax Law (see 20 NYCRR 474.4 [a]), they should not be used as a means of limiting the tax on a tractor trailer carrier who computes his liability under the optional gross weight method.

Accordingly, Special Term's judgment annulling respondent's determination must be reversed, on the law, without costs, the determination confirmed, and the petition dismissed.

SWEENEY, KANE, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed.