■ In the Matter of STORM ASSET MANAGEMENT, INC., Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [936 NYS2d 399]—

McCarthy, J.

A determination by the Tribunal will not be disturbed if it is supported by substantial evidence (*see Matter of Revere v Commissioner of Taxation & Fin.*, 75 AD3d 860, 861 [2010]). As the taxpayer challenging a deficiency assessment, petitioner had the burden of establishing by clear and convincing evidence that the Department's assessment was erroneous (*see id.* at 861). Carriers like petitioner must obtain a permit for each motor vehicle they operate on the highways of this state, with the carrier including on the application, among other things, the gross weight of the vehicle (*see* Tax Law § 502 [1]). The highway use tax is "based upon the gross weight of each motor vehicle and the number of miles it is operated" on New York highways (Tax Law § 503 [1]). Pursuant to regulation, the highway use tax rate is determined by the vehicle's "maximum gross weight as set forth in its permit" (20 NYCRR 481.4 [b]; *see* 481.4 [c]). Petitioner contends that this regulation is inconsistent with Tax Law § 503, rendering the regulation invalid, because the statute does not refer to permit weight. We disagree.

Gross weight is statutorily defined as the unloaded weight of the vehicle plus the unloaded weight of the trailer or device to be drawn by the vehicle, "plus the weight of the maximum load . . . to be carried or drawn by such motor vehicle" (Tax Law § 501 [4]). The statutes do not describe how to calculate the maximum load component of gross weight. The regulation merely clarifies this open question by providing a simple method of computing that weight, i.e., using the maximum gross weight set forth in the permit (*see Matter of Decato Bros. v State Tax Commn.*, 90 AD2d 386, 388 [1982], *affd* 59 NY2d 911 [1983]). The weight included on the permit is the number listed by the

vehicle's owner or carrier on the permit application. Thus, the carrier is taxed based upon the maximum gross weight that the carrier itself supplied to the Department.* While this may not reflect the actual gross weight, a vehicle's loaded weight may often fluctuate and be difficult to calculate. Accordingly, the regulation presents a reasonable method to effectuate the purposes of the statutes (*see* Tax Law § 509 [7]), without contradicting any of the statutory language.

Here, petitioner contends that its vehicles cannot safely haul more than 99,000 pounds, thus it should not be taxed at a maximum gross weight greater than that amount. This statement is factually inaccurate. John Foley, petitioner's director of compliance, testified that five of its vehicles were designed to haul heavy equipment, with those vehicles having gross weights of up to 165,000 pounds. Petitioner was allowed to select the maximum gross weight listed on its permits, which could have been different for each vehicle. Foley testified that petitioner used an international registration plan for its multi-state fleet, whereby petitioner chose to permit every vehicle in its fleet for the maximum weight of its heaviest hauler. At no time did petitioner apply for corrected permits to decrease the maximum weights for vehicles that had a lesser capacity (*see* 20 NYCRR 473.5). Foley's testimony supports the Tribunal's findings that petitioner chose to include the higher gross weight on each permit for fleet flexibility and business reasons, and with that choice came the requirement to pay highway use tax based upon those higher weights. Hence, the record contains substantial evidence to support the Tribunal's determination sustaining the highway use tax deficiency assessment against petitioner.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

\* Another subdivision of the regulation provides that if the actual weight of the loaded vehicle exceeds the weight set forth in the permit, the tax must be computed at the rate based upon the actual weight and the carrier must obtain an amended permit (*see* 20 NYCRR 481.4 [e]; *see also Matter of Decato Bros. v State Tax Commn.*, 90 AD2d at 388). Petitioner argues that this provision shows that permit weight is not equivalent to the statutory definition of gross weight. The provision does not negate the goal that the permit weight should equal the maximum gross weight; the provision merely recognizes that permit weights are self-reported, and prevents carriers from evading taxes by underreporting the vehicle's gross weight.